**Kenneth L. PHILLIPS, Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

**No. 87–1398.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 28, 1988.

Decided July 22, 1988.

Gilbert S. Rothenberg, Atty., Dept. of Justice, with whom Gary R. Allen, Atty., Dept. of Justice, Washington, D.C., was on the brief for appellant. Michael C. Durney and Michael L. Paup, Attys., Dept. of Justice, Washington, D.C., also entered appearances for appellant.

Jeffrey L. Gould for appellee.

Before MIKVA and SENTELLE, Circuit Judges, and PALMIERI,* Senior District Judge.

Opinion for the Court filed by Circuit Judge MIKVA.

MIKVA, Circuit Judge:

The appellee, Kenneth L. Phillips, petitioned the Internal Revenue Service (IRS) challenging the Commissioner's determination that he was deficient in tax payments for the years 1979, 1980, and 1981. The deficiency arises from the IRS's refusal to permit the appellee to file joint returns for the years in question. It is agreed by both parties that if the appellee's tax liability were calculated at joint return rates he would not owe any taxes. The IRS contends, however, that he was statutorily ineligible to file joint returns because he had been served with a notice of deficiency and had filed a petition in tax court challenging it.

The tax court ruled for the appellee, rejecting the IRS's position that once a tax-

payer has received a deficiency notice and challenged it in tax court he is ineligible to file a joint return. It held that the tax code provides a general right to file a joint return subject only to express limitations. The court found that because this case does not fall under any of those express limitations, the appellee must be permitted to file a joint return. After prevailing on the merits, the appellee moved for attorney's fees and litigation costs. The tax court granted the motion, holding that the appellee had substantially prevailed in the litigation and that the government's position had not been substantially justified.

We affirm the tax court's decision that the appellee is statutorily entitled to file joint returns for the years in question. We reverse the court's decision, however, on attorney's fees and costs. Because the government relied on a tax court precedent that was valid for 16 years until the court below abandoned it as wrongly decided, we find that the government's position was substantially justified, and that it was therefore not liable for fees or costs under the code.

## I. BACKGROUND

The appellee, Kenneth L. Phillips, is a United States citizen who resided in Great Britain and was legally married during the years 1979–1981. Phillips failed to file timely income tax returns for the three years in question. The Commissioner prepared substitute returns for him for those years containing his name, address, and social security number. The District Director of the Foreign Operations District found that Phillips had unreported income in each of the years, and calculated his income based on the rate applicable to a married person filing a separate return.

On November 23, 1982, the IRS informed the appellee of his tax liability by sending him a proposed notice of deficiency, or 30-day letter. The letter gave him three choices of how to proceed: (1) he could accept the IRS's findings of his tax liabilities and sign a waiver to that effect; (2) he

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

could bring the matter of his tax liability to the IRS's Appeals Office; or (3) he could do nothing, in which case the IRS would issue him a notice of deficiency based on the liabilities it had calculated. Phillips took no action in response to the 30–day letter, and on May 18, 1983, the IRS mailed him a statutory notice of deficiency for the years 1979, 1980, and 1981. The IRS attached to this notice a Form 5278, setting forth the wage information, exemptions, and filing status upon which it based its calculations of his tax liability.

Several months later, Phillips and his wife filed a petition for redetermination of their deficiencies with the U.S. Tax Court. They also submitted to the IRS joint income returns for the three years in question, calculated at the rate for a married taxpayer filing a joint return. These returns reflected no tax liability by the appellee. The IRS declined to accept the returns.

The parties stipulated to the key facts of the case in tax court and agreed that the sole issue to be resolved was whether the appellee was entitled to file a joint return for the years at issue. They stipulated that he had taxable income of $25,307 in 1979; $61,892 in 1980; and $30,653 in 1981. They further stipulated that if he was entitled to have his taxes calculated at the joint return rate he would owe no taxes, but that otherwise he would be liable in each of the three years for taxes and additions to tax for failure to file returns.

The appellee argued in tax court that he was within his rights under the tax code in filing a joint return. The statutory provision at issue in this case states that:

(b) *Joint return after filing separate return.*—(1) *In general.*—Except as provided in paragraph (2), if an individual has filed a separate return for a taxable year for which a joint return could have been made by him and his spouse under subsection (a) and the time prescribed by law for filing the return for such taxable year has expired, such individual and his spouse may nevertheless make a joint return for such taxable year.

26 U.S.C. § 6013(b)(1). Paragraph (2) of the section lists five enumerated conditions in which a taxpayer is not permitted to make the election provided for in paragraph (1). Among these five are two that are at issue in the case at bar:

(2) *Limitations for making of election.* —The election provided for in paragraph (1) may not be made—

.        .        .        .        .

(B) after the expiration of 3 years from the last date prescribed by law for filing the return for such taxable year (determined without regard to any extension of time granted to either spouse); or

(C) after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213 ...

*Id.*

The appellee contends that these sections of the code permit a taxpayer to file a joint return unless one of the express limitations of § 6013(b)(2) applies. He then argues that the limitations of § 6013(b)(2) apply only to taxpayers who have *already filed a return.* He maintains that because he had not filed a return before he filed the joint return, the limitations of § 6013(b)(2) do not apply to his case.

The IRS put forth two arguments in the court below for why the appellee was barred from filing a joint return. First, it argued that the dummy returns that it had filed in his behalf constituted "separate returns" within the meaning of § 6013(b)(1). As a result, it contended that the enumerated exceptions of § 6013(b)(2) did apply. It then maintained that two of the enumerated exceptions, 6013(b)(2)(B) and (C), barred the taxpayer from filing new, joint returns. Second, the IRS argued that even if the returns it filed on behalf of the appellee were not deemed to be real returns, he was nevertheless barred from filing joint returns because the IRS had filed a notice of deficiency based on separate return rates and the appellee had

challenged that notice of deficiency in tax court. The IRS contended that even when no previous return had been filed, a taxpayer in this situation was barred from filing a joint return. For this second argument, the IRS relied upon the tax court's holding in *Durovic v. Commissioner*, 54 T.C. 1364 (1970), *aff'd* 487 F.2d 36 (7th Cir.1973), that a taxpayer in this situation—who had not previously filed a return but who had been served with a notice of deficiency that he challenged in tax court—could not file a joint return.

The tax court in this case ruled in favor of the taxpayer, holding that he could file a joint return. It rejected the IRS's first argument, that the return filed by the IRS on the taxpayer's behalf constituted returns for the purposes of § 6013(b)(1). The tax court held that the returns filed by the IRS were simply "dummy" returns that did not count as previously filed returns for purposes of the code. The government chose not to renew this argument on appeal. The court also rejected the government's second argument, that the taxpayer was precluded from filing a joint return because a notice of deficiency had been issued and a petition challenging it had been filed with the tax court. The court held that the limitations of § 6013(b) apply only when a taxpayer has previously filed a return. In so holding, the tax court expressly overruled its holding to the contrary in *Durovic*.

The tax court gave three reasons for its decision to overrule *Durovic*. First, it contended that the IRS itself had disavowed the rule of *Durovic*. It noted that since *Durovic* was decided, the IRS declared in Revenue Ruling 72–539, 1972–2 C.B. 634, that the limitations of § 6013(b)(2) are restricted to occasions in which taxpayers seek to file joint returns after previously filing separate returns. In this Ruling, the IRS permitted a husband and wife who had failed to file tax returns of any kind to file joint returns even though the three-year limitation period set by § 6013(b)(2)(B) had expired. In the Ruling, the IRS interpreted the statute to accord taxpayers a broad right to file joint returns, subject only to

certain express limitations. It stated that a particular

limitation in section 6013(b)(2) of the Code deals specifically with an election to file a joint return after the filing of separate returns. The statute is silent concerning joint returns where no separate returns have been filed for the same taxable year. Therefore, even though the election to change from a separate return to a joint return is barred after the expiration of 3 years from the last date prescribed for filing a return, this does not preclude an election to file a joint return for the first time.

Revenue Ruling 72–539, 1972–2 C.B. 634, 635. The tax court found that "[t]here is no principled distinction between the circumstances of the taxpayers in Revenue Ruling 72–539 and in" the instant case. *Phillips v. Commissioner*, 86 T.C. 433, 440 (1986). The tax court noted further that the IRS had reaffirmed Revenue Ruling 72–539 in a second Ruling. *See* Revenue Ruling 83–183, 1983–2 C.B. 221. It concluded that the IRS had itself abandoned the *Durovic* rule.

The second reason given by the tax court was that it found that the legislative history of § 6013 supports a broader right to file joint returns than was recognized by the *Durovic* decision. The court found that the history indicated that Congress simply wanted to place limitations on the ability of a taxpayer to *change* his filing status, not to limit his ability to choose to file jointly in an initial filing. *Id.* at 440–441. Finally, the tax court found that a "plain reading of the statute" compelled the same result. *Id.* at 441.

After the decision was rendered, the appellee moved for reasonable litigation costs pursuant to § 7430 of the tax code. The IRS challenged the motion on two grounds. First, it contended that its litigation position was "substantially justified" within the meaning of § 7430 because it relied upon prior tax court decisions, including *Durovic*. Second, the IRS contended that the taxpayer was statutorily ineligible to receive costs because he failed to exhaust his administrative remedies. The appellee

did not request an Appeals Office conference after he received his 30–day letter, and the IRS argued that this constituted a failure to exhaust. The tax court rejected the IRS's arguments, however, and awarded costs. *Phillips v. Commissioner*, 88 T.C. 529 (1987). It held that the appellee had not failed to exhaust his remedies because the issue of his right to file a joint return did not arise until after the filing of the tax court petition, at which point failure to pursue further administrative remedies was not fatal. *Id.* at 532. In addition, the court held that the IRS's position was not reasonable, in light of the inconsistencies of its previous rulings.

## II. DISCUSSION

### A. *The Decision on the Merits*

█ The question of law at issue in this case has previously been controlled by the rule in *Durovic*. In the *Durovic* case, the tax court, and the Seventh Circuit on appeal, held that a nonfiling taxpayer who has received a notice of deficiency and challenged it in tax court has no right to file a joint return for the years in question. The Seventh Circuit, in upholding the tax court's decision, reasoned that if the taxpayer had filed timely returns, the three year limitation would have run, and he would have been barred by § 6013(b)(2)(B) from filing a joint return. It concluded that "[b]y no stretch of imagination can this statute be interpreted to mean a complete failure to file erases the date from which the 3–year limitation starts to run." *Durovic*, 487 F.2d at 42.

The IRS did not adhere consistently to the *Durovic* rule, however, in subsequent years. Revenue Ruling 72–539 flatly contradicts the reasoning of *Durovic*. In the Ruling, the IRS held that taxpayers who had failed to file any returns could file joint returns after the three-year limitation period of § 6013(b)(2)(B) had run. The IRS reasoned that the limitations of § 6013(b)(2) "deal[ ] specifically with an election to file a joint return *after* the filing of separate returns." Revenue Ruling 72–539, 1972–2 C.B. 634, 635 (emphasis added). Since the taxpayers had not previously filed at all, the

IRS held that they remained free to file a joint return. The IRS repeated its allegiance to this view in Revenue Ruling 83–183, 1983–2 C.B. 220. The IRS has attempted to argue in this litigation that its position in these two Rulings is consistent with the *Durovic* rule. We are not persuaded, nor are we the first court to be troubled by the inconsistency. *See, e.g., Glaze v. United States*, 641 F.2d 339, 344 (5th Cir.1981) (stating that Revenue Ruling 72–539 "calls into question the continuing vitality of the *Durovic* decision").

The IRS attempts to distinguish Revenue Ruling 72–539 from the case at bar by emphasizing one factual discrepancy: the taxpayers in the Ruling filed their joint returns *before* the Commissioner issued a notice of deficiency, whereas the taxpayer in the instant case filed his *after* he received a notice of deficiency. In this litigation, the IRS has put forth what it contends is a clear rule that is consistent with both *Durovic* and its Revenue Rulings: that the limitations of § 6013(b) should apply not only when the taxpayer has already filed a return, but also when he has received a notice of deficiency from the government and has contested it in tax court. It is true that if its proposed rule were the law, *Durovic* and the Revenue Rulings would be consistent. But it is also the case that there is no support for this rule in the tax code. To the contrary, we conclude that the tax court was correct in holding that the code indicates that the only appropriate inquiry is whether a taxpayer has previously filed a return, not whether he has been served with a notice of deficiency. Because Congress has spoken directly to this issue in the statute, the IRS has no discretion to interpret it otherwise. *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984).

The IRS puts forth two main arguments to support its interpretation of § 6013. First, it contends that the language of the statute supports its interpretation. The IRS relies for this argument in large part on the statement of the tax court in *Durovic* that the limitations of § 6013(b) applied

where a prior return had been filed and there was "no reason why the same rule should not obtain where, as here, no returns were originally filed." *Durovic,* 54 T.C. at 1402. This analysis, however, fails to recognize that the plain words of the statute clearly extend the § 6013(b) limitations only to taxpayers who have previously filed returns.

Section 6013 is written in the form of a general rule and a series of specific exceptions to that rule. The general rule is laid out in § 6013(a): that a husband and wife may choose to file either a separate or a joint tax return. The statute then imposes two sets of limitations on that right. The first set of limitations, contained in section (a), applies generally to all taxpayers. It is clear and uncontested that none of those limitations applies in the case at bar. The second set of limitations, those contained in section (b), applies only to a smaller subset of taxpayers: those filing, as the section heading states, a "[j]oint return after filing separate return." 26 U.S.C. § 6013(b). Congress could readily have extended the § 6013(b) limitations to taxpayers who had not filed any returns at all and were then served with a notice of deficiency, but it is clear from the statute's wording that it did not. As the Supreme Court has instructed, "[g]oing behind the plain language of a statute in search of a possibly contrary congressional intent is 'a step to be taken cautiously' even under the best of circumstances." *American Tobacco Co. v. Patterson,* 456 U.S. 63, 75, 102 S.Ct. 1534, 1540, 71 L.Ed.2d 748 (1982) (*quoting Piper v. Chris–Craft Industries, Inc.,* 430 U.S. 1, 26, 97 S.Ct. 926, 941, 51 L.Ed.2d 124 (1977)). In light of the clear wording of the statute, we see no basis for adopting the interpretation urged upon this court by the IRS.

In addition to the language of the statute, the court below correctly noted that the statute's legislative history supports the appellee's interpretation of the statute. *Phillips,* 86 T.C. at 440–441. Like the words of the statute, nothing in the legislative history of the section "suggest[s] that the right to make a joint return where none has been previously filed is severed by the application of what is now § 6013(b)(2)."

*Id.* at 440. *See, e.g.,* S.Rep. No. 781, 82nd Cong., 1st Sess. 48 (1951). In light of the clear statutory language and legislative history that indicates congressional intent consistent with that language, we must reject the IRS's interpretation of the provision. *United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981).

The IRS's second argument appeals to "administrative considerations" that it believes underlie the *Durovic* decision. The nature of these administrative considerations is somewhat cryptic, but it appears that this argument is based on several distinct grounds. First, the administrative considerations argument evinces a concern that abandoning the rule of *Durovic* would erode the incentive for taxpayers to file tax returns at all. The IRS makes much of the Seventh Circuit's statement in *Durovic* that "Congress could not have intended to put such power in the hands of a recalcitrant taxpayer where, as the Tax Court noted, our system of 'taxation is based on voluntary disclosure.' " *Durovic,* 487 F.2d at 42, quoting *Durovic,* 54 T.C. at 1402. Second, the government contends that the "administrative considerations" encompass an even more ephemeral "equitable consideration" cited by the district court in *Spanos v. United States,* 212 F.Supp. 861, 863– 864 (D.Md.), *aff'd* 323 F.2d 108 (4th Cir.1963). For this point, the IRS relies upon the district court's statement in *Spanos* that an "equitable consideration" operates once the IRS has made an election of tax status for taxpayers such that "if, as the result of a failure to file a return, the Commissioner has been required to make an election for the taxpayers ..., that election may not thereafter be altered." *Spanos,* 212 F.Supp. at 864. Finally, the IRS contends that permitting taxpayers to file joint returns after a notice of deficiency will imperil its ability to determine the joint taxpayers' liability. It maintains that it would be barred from doing so by § 6212(C), which states that once a deficiency notice has been issued to a taxpayer and a petition filed in tax court, no addi-

tional deficiency can be asserted against the taxpayer.

We believe that these concerns alone provide scant basis for extending the limitations of § 6013(b) beyond what Congress opted for when it wrote the statute. Two of the considerations relied upon by the IRS are largely without force. The IRS's first concern, that the interpretation of the section adopted by the tax court will remove incentives for taxpayers to file tax returns, appears to be misplaced. The tax code already includes penalties for failure to file returns as required by law. These penalties are specifically tailored to that failure. We see no reason to use the essentially arbitrary instrument of denying married taxpayers the right to file a joint return to achieve that distinct purpose. The second basis advanced by the IRS, the "equitable considerations" relied upon by the *Spanos* court, carries even less force. The government asserts that these equitable considerations comprise an "extrastatutory" exception to § 6013(b)(2). We are not persuaded that the mere fact that the IRS has performed the act of issuing a notice of deficiency should cause a taxpayer to forfeit his statutory right to file a joint return. We are not willing to deprive the appellee of his statutory right to file a joint return based on such a gossamer argument. Finally, the IRS's third concern behind its "administrative considerations" argument is that it will inhibit its ability to file valid deficiency notices. Although this concern does appear to have at least some basis, it does not present the dire situation that the government suggests. It is true that § 6212(c) provides that once a deficiency has been filed against a taxpayer and a petition filed in tax court the IRS may not then file a further deficiency for the year against that taxpayer. 26 U.S.C. § 6212(c). But the IRS overstates when it suggests that § 6212 would leave it entirely bereft of options. Other avenues will likely remain. The IRS will still be able, for example, to issue a notice of deficiency to the taxpayer's spouse, who was added on when the return became a joint one. Concededly, that approach will not have all of the advantages of the one the IRS urges upon

this court. But if the IRS considers this to be a loophole in the current statute, and it can find no better means of enforcement, its proper remedy is to seek a technical amendment to the tax code from Congress. Even if the problem is real, it is not sufficient basis for this court to read into a statute provisions that are not there. We are mindful of the Supreme Court's injunction that "[t]he relevant question is not whether, as an abstract matter, the rule advocated by [a party] accords with good policy," but rather "whether the policy [the party] favor[s] is that which Congress effectuated by its enactment of [the statute]." *Badaracco v. Commissioner,* 464 U.S. 386, 398, 104 S.Ct. 756, 764, 78 L.Ed.2d 549 (1984). As the Court noted, reviewing courts "are not authorized to rewrite a statute because they might deem its effects susceptible of improvement." *Id.* Because we are not free to "rewrite the statute," we must agree with the tax court that the statute imposes no limitation on the ability of the appellee in the case at bar to file a joint return.

### B. *Attorney's Fees*

■ Section 7430 of the tax code authorizes the award of reasonable attorney's fees and other litigation costs to a prevailing party who has substantially prevailed in civil tax litigation in a federal court. 26 U.S.C. § 7430. In order to be eligible for costs under § 7430, a taxpayer must show that he "has substantially prevailed with respect to the amount in controversy," or with respect to "the most significant issue or set of issues presented," § 7430(c)(2)(A)(ii), *and* must "establish[ ]" that the position of the United States in the civil proceeding was not substantially justified." § 7430(c)(2)(A)(i). There is no question that the taxpayer substantially prevailed on his claim in the court below. We reverse the tax court's award of attorney's fees and costs to the appellee, however, because we are unable to find that the government's position in this litigation was not "substantially justified."

The fee-shifting provision of § 7430 states specifically that the taxpayer must

establish that the government's position was not substantially justified "in the civil proceeding." 26 U.S.C. § 7430(c)(2)(A)(i). Unlike the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1982), § 7430 does not contain a provision stating that the government's position includes "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). This court has held previously that in evaluating whether the government's position is "substantially justified" under § 7430, the relevant position of the government is exclusively the one taken in the actual litigation. *Baker v. Commissioner,* 787 F.2d 637, 641 (D.C.Cir. 1986).

Whether the government's position is "substantially justified" under § 7430 must be determined "based upon all the facts and circumstances surrounding the proceeding and the fact that the Government loses the case should not be determinative." *Baker v. Commissioner,* 83 T.C. 822, 828 (1984), *vacated and remanded on other grounds, Baker,* 787 F.2d 637. The case at bar is unusual in that the tax court, in the decision below, overturned a decision to which it had adhered for over 16 years. Moreover, as the dissenting judges stated below, "[t]his is not an instance of an old opinion having been ignored for decades and now just having been revived"; the dissenting judges note 14 cases since 1980

in which the tax court relied on *Durovic,* including several decided after the petition was filed in the instant case. *Phillips,* 88 T.C. at 538 (Chabot, J., dissenting). Because our inquiry into whether the government's position was substantially justified under § 7430 may not examine the IRS's underlying action, the reasonableness or unreasonableness of the IRS's decision to issue Revenue Rulings 72–539 and 83–183 cannot be part of our inquiry. We may evaluate only the decision of the government to litigate this case and "the strength of the government's argument(s) that *extant* law permits a result in its favor." *Spencer v. N.L.R.B.,* 712 F.2d 539, 559 (D.C.Cir.1983). In light of the long line of tax court decisions following *Durovic,* we are unable to find that the government's reliance on it in the instant case was not "substantially justified." Accordingly, we reverse the tax court's award of litigation costs.

The decision of the tax court is

*Affirmed in part and reversed in part.*