JEWEL JOHN GUDENSCHWAGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gudenschwager v. Commissioner
Docket Nos. 1776-84; 35179-84.
United States Tax Court
T.C. Memo 1988-546; 1988 Tax Ct. Memo LEXIS 575; 56 T.C.M. (CCH) 748; T.C.M. (RIA) 88546; November 29, 1988; As amended December 8, 1988; WITHDRAWN December 21, 1988 *575 P did not file Federal income tax returns for 1974, 1975, or 1979 through 1982. P filed unsigned Forms 1040 for 1977 and 1978. P filed his 1976 Federal income tax return in 1982. Although the filing status indicated on the 1976 tax return was "married filing joint return," P's wife did not sign the return. P claimed two personal exemptions on his 1976 return and his unsigned Forms 1040 for 1977 and 1978. P claimed business deductions and a long-term capital loss for 1976. Held: P is not entitled to joint return status. Held further: P had unreported income for 1974, 1975, and 1977 through 1982. Held further: P is not entitled to a deduction for business expenses for 1976. Held further: P recognized a capital loss in 1976. Held further: P is liable for self-employment taxes. Held further: P is only entitled to one personal exemption. Held further: P is liable for additions to tax under sections 6651(a)(1), 6653(a), 6653(a)(1), 6653(a)(2), and 6654, I.R.C. 1954, as amended. Joseph W. Weigel, for the petitioner. Sheldon M. Kay, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Taxable
Year
Deficiency
1974
$ 4,999.00
1975
3,370.00
1976
9,067.29
1977
7,144.00
1978
9,749.00
1979
6,265.00
1980
6,263.00
1981
4,513.00
1982
3,714.00
*578 Taxable
Additions to Tax Under Section [1]
Year
6651(a)(1)
6653(a)
6653(a)(1)
6653(a)(2)
6654
1974
$ 1,250.00
$ 250.00
--
--
$ 160.00
1975
843.00
169.00
--
--
148.00
1976
2,266.82
453.36
--
--
--
1977
1,786.00
357.00
--
--
253.00
1978
2,437.00
487.00
--
--
311.00
1979
1,566.00
313.00
--
--
262.00
1980
1,566.00
313.00
--
--
399.00
1981
1,128.00
--
$ 226.00 * 347.00
1982
929.00
--
186.00 ** 362.00
The issues for decision are (1) whether petitioner received unreported income in taxable years 1974, 1975, 1977, 1978, 1979, 1980, 1981, and 1982; *579 (2) whether petitioner is entitled to deduct business expenses for taxable year 1976 under section 162; (3) whether petitioner recognized a capital gain or a capital loss from the sale of a residence under the installment method of accounting, and if so, the amount of the capital gain or capital loss; (4) whether petitioner is liable for self-employment taxes on the net earnings from his laundry business under section 1402; (5) whether petitioner's income tax liability should be computed using the rates for married persons filing separately or married persons filing a joint return; (6) whether petitioner should be allowed more than one personal exemption; (7) whether petitioner is liable for additions to tax under section 6651(a)(1) for taxable years 1974 through 1982, under section 6653(a) for taxable years 1974 through 1980, under section 6653(a)(1) for 1981 and 1982, under section 6653(a)(2) for taxable years 1981 and 1982, and under section 6654 for taxable years 1974, 1975, and 1977 through 1982. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. *580 Petitioner resided in West Allis, Wisconsin, when he filed his petitions in these cases. During the years in issue, petitioner was married and operated a small wholesale laundry business. Petitioner did not file Federal income tax returns for taxable years 1974, 1975, 1979, 1980, 1981, or 1982. Petitioner filed a Federal income tax return for taxable year 1976. In signing his return, petitioner indicated that he was filing "under duress." Respondent received petitioner's 1976 tax return in February of 1982. Although the filing status indicated on the 1976 tax return was "married filing joint return," petitioner's wife did not sign the return. Petitioner claimed business deductions on the Schedule C attached to his 1976 Federal income tax return. These claimed business deductions totalled $ 35,832.76. On his 1976 Federal income tax return, petitioner reported a long-term capital loss in the amount of $ 1,208 from the sale of a residence located in Germantown, Wisconsin. Petitioner had originally purchased the Germantown residence for $ 11,700. Petitioner made extensive improvements to the home including adding a living room, a dining room, and a garage with an upstairs, *581 building a shed, and putting in a driveway. The total cost of the improvements was $ 20,950. In 1974, petitioner sold the residence for $ 33,000 but did not receive payment until 1976. Petitioner paid a $ 1,558 commission on the sale. Petitioner submitted unsigned Forms 1040 for the taxable years 1977 and 1978. Respondent received petitioner's 1977 and 1978 Forms 1040 in February of 1982. Petitioner claimed two personal exemptions on his 1976 Federal income tax return and on his unsigned Forms 1040 for 1977 and 1978. Petitioner had no business records for the taxable years 1974, 1975, 1979, 1980, 1981, and 1982. Petitioner failed to introduce into evidence any records for taxable years 1976, 1977, or 1978. On October 27, 1983, respondent issued a notice of deficiency to petitioner. In this notice of deficiency, respondent determined petitioner's tax liability and additions to tax for taxable years 1974 through 1981. On August 14, 1984, respondent issued a notice of deficiency to petitioner. In the August 14, 1984, notice of deficiency, respondent determined petitioner's tax liability and additions to tax for taxable year 1982. For the taxable years 1974, 1975, *582 1979, 1980, 1981, and 1982, respondent determined petitioner's unreported income using Bureau of Labor statistics (sometimes hereinafter referred to as "Statistics"). Respondent's revenue agent used the table contained in the Statistics for a family of four and adjusted that figure to reflect the income for a family of two. Based on petitioner's statement that he had gross receipts of $ 60,000, respondent's revenue agent used the intermediate standard of living tables of the Statistics. Since petitioner lived in West Allis, Wisconsin, a suburb directly adjacent to Milwaukee, Wisconsin, respondent's revenue agent used the Statistics table for a metropolitan area. For taxable years 1977 and 1978, respondent determined petitioner's taxable income by using the information on the Schedule C attached to each of the unsigned Forms 1040 submitted by petitioner for these years. For taxable year 1976, respondent allowed the following deductions claimed by petitioner on his 1976 Schedule C for his laundry business: Taxes
$    102.16
Interest Expense
106.64
Payroll Taxes
1,174.74
$ 1,383.54
Respondent disallowed the remaining business deductions claimed by *583 petitioner for taxable year 1976. Petitioner failed to cooperate with respondent in the ascertainment of his correct taxable income. OPINION The first issue for our consideration is whether petitioner received unreported income in taxable years 1974, 1975, and 1977 through 1982. Respondent determined that petitioner had unreported income for each of these years. Respondent's determinations are presumed correct, and petitioner bears the burden of proving that such determinations are erroneous. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). Taxpayers are required to maintain records sufficient to show whether or not they are liable for any Federal tax. Sec. 6001. Where a taxpayer fails to maintain adequate records, respondent may use other means to determine the taxpayer's taxable income. Sec. 446(b). When a taxpayer files no returns and refuses to cooperate in the ascertainment of his income, respondent has great latitude in determining the taxpayer's tax liability. Giddio v. Commissioner,54 T.C. 1530, 1533 (1970). One method that this court has allowed respondent to use to reconstruct income is a method based on Bureau *584 of Labor statistics. Giddio v. Commissioner, supra at 1533. In this case, petitioner produced no business records. He additionally testified that he had no records for the taxable years 1974, 1975, 1979, 1980, 1981, and 1982, and that the records for taxable years 1976, 1977, and 1978 were no longer available. Petitioner gave no credible explanation for his inability to produce records for 1976, 1977, and 1978. Petitioner filed no Federal income tax returns or any Forms 1040 for the taxable years 1974, 1975, 1979, 1980, 1981, and 1982. For these years, respondent determined petitioner's unreported income by using Bureau of Labor statistics. Petitioner submitted to respondent unsigned Forms 1040 for the taxable years 1977 and 1978. For these years, respondent determined petitioner's unreported income by using the information on the Schedule C attached to each of the unsigned Forms 1040 submitted by petitioner. Respondent's revenue agent, Melody Schrank, testified that, in ascertaining petitioner's unreported income, respondent used statistics tables for a family of four (adjusted for a family of two) with an intermediate standard of living in a metropolitan *585 area. Petitioner objected at trial to this testimony on the grounds that Revenue Agent Schrank was not qualified as an expert to testify regarding the basis for any figures used by respondent. We overruled petitioner's objection because the witness was not testifying as an expert when she described the methodology used by respondent to ascertain petitioner's unreported income. The witness testified regarding what methodology was used, not the validity of that methodology. Since the witness was not providing scientific, technical, or other specialized knowledge to assist the court to understand the evidence in this case, rule 702 of the Federal Rules of Evidence[2] is not applicable and the witness's testimony will not be treated as expert testimony. Petitioner also objected at trial to Revenue Agent Schrank's testimony because petitioner claimed respondent had violated this Court's pre-trial order by not listing Revenue Agent Schrank as an expert witness on the pre-trial memorandum and by not submitting an expert witness report. We overruled petitioner's objection because respondent was not required to file an expert witness report or list Revenue *586 Agent Schrank as an expert witness since, as we discussed above, she did not testify as an expert witness. On brief, petitioner contends that respondent relied on an improper method when it used Bureau of Labor statistics to ascertain petitioner's taxable income. Petitioner argues that the figures used by respondent were arbitrary and that the burden of going forward with the evidence should, therefore, be shifted to respondent. We find petitioner's argument to be unpersuasive. Respondent is allowed to use Bureau of Labor statistics to ascertain a taxpayer's income when a taxpayer files no returns and refuses to cooperate with respondent. Giddio v. Commissioner,54 T.C. at 1533. Respondent has introduced credible testimony indicating that the Bureau of Labor statistics were not used in an arbitrary manner. Revenue Agent Schrank testified that the table for a metropolitan area was used because petitioner lived in West Allis, part of the Milwaukee metropolitan area. Revenue Agent Schrank also testified that figures for an intermediate standard of living *587 were used based on petitioner's statement that he had received $ 60,000 in gross receipts. Revenue Agent Schrank further testified that an adjustment factor was used to adjust the figures in the table, which is based on a family of four, to give an accurate figure for a family of two. According to Revenue Agent Schrank, the adjustment factor for a family of two was used because petitioner had listed his wife on his income tax returns. On the basis of this testimony, we find that respondent's use of the Bureau of Labor statistics was not arbitrary. Therefore, the burden of going forward as well as the burden of proof remains on petitioner. Petitioner's evidence regarding the amount of income he derived from his laundry business rests solely on his own self-serving testimony. Petitioner's testimony is uncorroborated and not substantiated by any other evidence. We also note that petitioner's testimony was equivocal and evasive. We find that petitioner has not introduced evidence sufficient to prove that respondent's determinations are erroneous. Accordingly, we sustain respondent's determination that petitioner had unreported income for taxable years 1974, 1975, and 1977 through *588 1982. Petitioner chose not to file returns, so his situation is of his own doing. His lack of records, we determine, also is of his own doing. Petitioner cannot bootstrap himself from this situation on patently questionable testimony of himself and his other witness which the Court found incredible. Petitioner not only failed to meet his burden of proof, he convinced the Court that he was determined to create the illusion of having business records. The second issue for our consideration is whether petitioner is entitled to deduct business expenses under section 162 for taxable year 1976. Respondent disallowed all but $ 1,383.54 of the $ 35,832.76 in business deductions claimed by petitioner. Respondent's determinations are presumed correct, and petitioner bears the burden of proving that such determinations are erroneous. Welch v. Helvering, supra; Rule 142(a). Petitioner introduced into evidence no books, records, or other documents to substantiate his claimed expenses. Petitioner's only support for his claimed expenses was his own self-serving testimony and the testimony of his former bookkeeper. Petitioner's testimony was vague and unconvincing. *589 A court is "not bound to accept testimony at its face value even when it is incontroverted, if it is improbable, unreasonable or questionable." Commissioner v. Smith,285 F.2d 91, 96 (5th Cir. 1960). The bookkeeper's testimony was also unpersuasive and incredible. The bookkeeper testified that the figures on the return were "based on absolute fact" and based on bills, receipts, and other information. However, the bookkeeper did not testify with any specificity regarding the basis for any of the deductions claimed by petitioner. The bookkeeper's testimony was not corroborated by any documentary evidence. Simply put, we determine the bookkeeper's testimony not worthy of accreditation. Consequently, we find that petitioner has failed to adequately substantiate his claimed business expenses for taxable year 1976. We recognize that any laundry operation such as petitioner's would have a few operating expenses such as electricity and water, but petitioner chose to stonewall the revenue system by failing to report his income and expenses, if there were any expenses, and he has flagrantly refused to maintain and submit records of his business operation. Petitioner *590 should not be rewarded for his refusal to maintain records and file tax returns. Cf. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930); Sugar Creek Coal and Mining Co. v. Commissioner,30 B.T.A. 420, 423 (1934). Accordingly, we sustain respondent's determination on this issue. The third issue for our consideration is whether petitioner recognized a capital gain or a capital loss from the sale of a residence under the installment method of accounting, and if so, the amount of such capital gain or loss. Respondent determined that petitioner recognized a capital gain on the sale of a residence and that the gain should have been reported on the installment method of accounting during the taxable years 1974, 1975, and 1976. Respondent determined that petitioner recognized capital gains of $ 4,760 in 1974, $ 161 in 1975, and $ 17,680 in 1976. Respondent's determinations are presumed correct, and petitioner bears the burden of proving that such determinations are erroneous. Welch v. Helvering, supra; Rule 142(a). Petitioner purchased the residence at issue for $ 11,700 and made substantial improvements to the property. The total *591 cost of the improvements was $ 20,950. Petitioner sold the residence in 1974 but did not receive payment until 1976. Petitioner reduced the sales price of $ 33,000 by commissions paid of $ 1,558 to arrive at an amount realized of $ 31,442. Petitioner calculated his capital loss by subtracting from his amount realized his cost of the property and improvements, as follows: Amount realized
$ 31,442 Cost of property and improvements
-32,650 ($  1,208)
Section 453 provided that a sale of real property may be reported on the installment method if there is no payment in the taxable year of the sale or a payment of less than 30 percent of the selling price in the taxable year of the sale. [3] Petitioner's sale of his residence qualified as an installment sale because petitioner received the entire payment in a taxable year after the taxable year of the sale. We find that petitioner correctly recognized a long-term capital loss of $ 1,208 in 1976. *592 The fourth issue for our consideration is whether petitioner is liable for self-employment taxes on the net earnings from his laundry business under section 1402. Respondent determined that petitioner was liable for self-employment taxes under section 1402 for each year at issue. Respondent's determinations are presumed correct, and petitioner bears the burden of proving such determinations to be erroneous. Welch v. Helvering, supra; Rule 142(a). Petitioner's only evidence relating to liability for self-employment taxes is his own self-serving testimony regarding his income from the laundry business. Petitioner's testimony was not corroborated by any other evidence. Petitioner has not introduced sufficient evidence on this issue to carry his burden of proof. Accordingly, we sustain respondent's determination on this issue. The fifth issue for our consideration is whether petitioner's income tax liability should be computed using the rates for a married person filing separately or married persons filing a joint return. Respondent determined petitioner's tax liability for each year at issue using rates for married persons filing separately. Petitioner contends *593 that the rates for married persons filing jointly should be used for each year at issue. Respondent's determinations are presumed correct, and petitioner bears the burden of proving that such determinations are erroneous. Welch v. Helvering, supra; Rule 142(a). For the taxable years 1974, 1975, and 1979 through 1982, petitioner failed to file Federal income tax returns or Forms 1040. The Forms 1040 submitted for 1977 and 1978 were not valid returns because they were not signed by petitioner. Vaira v. Commissioner,52 T.C. 986, 1005 (1969), revd. and remanded on other grounds 444 F.2d 770 (3d Cir. 1971). Therefore, petitioner failed to file valid Federal income tax returns for the taxable years 1974, 1975, or 1977 through 1982. Accordingly, petitioner may not now elect joint filing status. Thompson v. Commissioner,78 T.C. 558 (1982); Phillips v. Commissioner,86 T.C. 433, 441 n. 7, affd. and revd. on other issues 851 F.2d 1492 (D.C. Cir. 1988). Millsap v. Commissioner, 91 T.C.     (1988), is inapplicable as in Millsap the taxpayer filed a valid joint return before the case *594 was submitted for decision. This Court has no sympathy for a taxpayer who, without reasonable cause, fails to file a return. If a taxpayer has not filed a return by the time his case is submitted for decision, it is too late for the taxpayer to file a joint return and elect joint filing status. See Phillips v. Commissioner,86 T.C. at 441 n. 7. In this situation, no returns would be in the record, so this Court would have no basis for finding that the taxpayer had joint return status. If the issue of filing status is not pled, this Court does not have to consider the issue. Rule 34(b)(4). We hold that respondent correctly used the rates for married persons filing separately to calculate petitioner's tax liability for 1974, 1975, and 1977 through 1982. For taxable year 1976, petitioner filed a return and checked the box indicating that the return was a joint return. Section 1.6013-1(a)(2), Income Tax Regs., requires that joint returns be signed by both spouses. However, returns signed by only one spouse can qualify as valid joint returns if both spouses intended to file joint returns. Heim v. Commissioner,27 T.C. 270 (1956), affd. 251 F.2d 44 (8th Cir. 1958). *595 Mrs. Gudenschwager did not sign the return filed by petitioner. Petitioner has offered no evidence to establish that Mrs. Gudenschwager intended to file a joint return with petitioner. Therefore, petitioner has failed to meet his burden of proving that Mrs. Gudenschwager intended to join petitioner in filing a joint return for the taxable year 1976. The sixth issue for our consideration is whether petitioner is allowed more than one personal exemption. Respondent determined that petitioner was allowed one personal exemption in each taxable year at issue. Respondent's determinations are presumed correct, and petitioner bears the burden of proving that such determinations are erroneous. Welch v. Helvering, supra; Rule 142(a). Petitioner is allowed one personal exemption for himself under section 151(b). To establish his right to a personal exemption for his spouse, petitioner would have to prove that he was married, that he did not file a joint return, that his wife had no income, and that his wife was not the dependent of another taxpayer. Sec. 151(b). We have found that petitioner was married and did not file joint returns for any of the years at issue. *596 However, petitioner failed to introduce any evidence that his wife had no gross income or was not the dependent of another taxpayer. Therefore, petitioner has failed to prove his entitlement to a personal exemption for his spouse under section 151(b). Petitioner introduced no evidence to establish his right to any other personal exemptions under section 151. Therefore, we find that petitioner has failed to meet his burden of proving his right to more than one exemption. The final issue for our consideration is whether respondent correctly determined additions to tax under section 6651(a)(1) for taxable years 1974 through 1982, under section 6653(a) for taxable years 1974 through 1980, under section 6653(a)(1) for 1981 and 1982, under section 6653(a)(2) for taxable years 1981 and 1982, and under section 6654 for taxable years 1974, 1975 and 1977 through 1982. The burden of proof is on petitioner to establish that he is not liable for these additions to tax. Baldwin v. Commissioner,84 T.C. 859, 871 (1985); Neubecker v. Commissioner,65 T.C. 577, 586 (1975); Enoch v. Commissioner,57 T.C. 781, 802 (1972). Section 6651(a)(1) *597 imposes an addition to tax of 5 percent of the amount required to be shown as tax on a return for each month or fraction thereof for which a return is not filed, not to exceed 25 percent in the aggregate. The addition to tax does not apply if the taxpayer establishes that the failure to timely file was due to reasonable cause and not due to willful neglect. Petitioner failed to file returns for 1974, 1975, and 1977 through 1982. The Forms 1040 submitted for 1977 and 1978 did not constitute valid returns because they were not signed by petitioner. Vaira v. Commissioner,52 T.C. 986, 1005 (1969), revd. and remanded on other grounds 444 F.2d 770 (3d Cir. 1971). Respondent received petitioner's 1976 income tax return in February of 1982. Petitioner presented no evidence to meet his burden of proving that his failure to timely file was due to reasonable cause and not willful neglect. The addition to tax under 6651(a)(1) is sustained. Sections 6653(a) and 6653(a)(1) provide for additions to tax if any part of the underpayment is due to negligence or an intentional disregard of rules or regulations. Under sections 6653(a) and 6653(a)(1), negligence is *598 a lack of due care or a failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner,85 T.C. 934, 947 (1985). Petitioner testified that he had maintained books and records for taxable years 1976, 1977, and 1978, but that those records were no longer in existence. Petitioner testified that he had no records for taxable years 1974, 1975, 1979, 1980, 1981, and 1982. Section 6001 requires taxpayers to maintain records sufficient to show whether or not they are liable for Federal income taxes. Petitioner failed to adequately maintain any books or records for the taxable years at issue. Petitioner also failed to file income tax returns for taxable years 1974, 1975, and 1977 through 1982. Accordingly, we find that petitioner intentionally disregarded rules and regulations of the Internal Revenue Code and has been negligent. The additions to tax under sections 6653(a) and 6653(a)(1) are sustained. Section 6653(a)(2) provides for an additional amount to be added to the addition to tax under section 6653(a)(1) equal to 50 percent of the interest payable under section 6601 with respect to the portion of the payment *599 due to negligence or intentional disregard of rules and regulations. This provision is applicable to taxes for which the last date prescribed for payment is after December 31, 1981. Petitioner failed to present evidence sufficient to show that the underpayments for 1981 and 1982 were not due to negligence or intentional disregard of rules or regulations. Thus, the addition to tax under section 6653(a)(2) is sustained. Respondent also determined an addition to tax under section 6654(a) for underpayment of estimated tax. Once a deficiency has been established, section 6654(a) is mandatory unless petitioner can bring himself within certain exceptions not here applicable. Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). Accordingly, the addition to tax under section 6654(a) is sustained. We have considered petitioner's other arguments and find them to be without merit. To reflect the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in question, and all Rule references are to the Tax Court Rules of Practice and Procedure. * Respondent determined that petitioner was liable for an addition to tax pursuant to section 6653(a)(2) of 50 percent of the interest due on $ 4,513.00. ** Respondent determined that petitioner was liable for an addition to tax pursuant to section 6653(a)(2) of 50 percent of the interest due on $ 3,714.00.↩
2. Rule 143(a) requires this Court to conduct trials in accordance with the Federal Rules of Evidence.↩
3. The applicable portions of section 453 are as follows: SEC. 453. INSTALLMENT METHOD. (a) Dealers in Personal Property. -- (1) In general. -- Under regulations prescribed by the Secretary or his delegate, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit, realized or to be realized when payment is completed, bears to the total contract price. * * * (b) Sales of Realty and Casual Sales of Personality. -- (1) General rule. -- Income from -- (A) a sale or other disposition of real property, or * * * may (under regulations prescribed by the Secretary or his delegate) be returned on the basis and in the manner prescribed in subsection (a). (2) Limitation. -- Paragraph (1) shall apply -- (A) In the case of a sale or other disposition during a taxable year beginning after December 31, 1953 (whether or not such taxable year ends after the date of enactment of this title), only if in the taxable year of the sale or other disposition -- (i) there are no payments, or (ii) the payments (exclusive of evidences of indebtedness of the purchaser) do not exceed 30 per cent of the selling price. * * * ↩