WILLIAM A. PLUMBACK AND JUDY PLUMBACK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Plumback v. Commissioner
Docket No. 20869-91
United States Tax Court
T.C. Memo 1993-144; 1993 Tax Ct. Memo LEXIS 134; 65 T.C.M. (CCH) 2310; April 5, 1993, Filed *134 Decision will be entered under Rule 155. For petitioners: William A. Plumback. For respondent: Timothy S. Sinnot. KORNER
KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1983
$ 20,037
$ 5,009.25
$ 1,001.85
50% of interest
due on $ 20,037
1984
16,087
4,021.75
804.35
50% of interest
due on $ 16,087
1985
14,919
3,729.75
745.95
50% of interest
due on $ 14,919
Sec.
Sec.
6653(a)(1)(A)
6653(a)(1)(B)
1986
18,790
4,697.50
939.50
50% of interest
due on $ 18,790
1987
3,883
970.75
194.15
50% of interest
due on $ 3,883
Sec. 6653(a)(1)
1988
6,497
1,624.25
324.85
--
1989
4,130
--  --  --
Additions to Tax
Year
Sec. 6654
Sec. 6662(b)(1)
1983
$ 1,226.13
--  1984
1,011.40
--  1985
854.94
--  1986
909.13
--  1987
234.88
--  1988
417.27
--  1989
--  $ 732.60
All statutory references are to the Internal Revenue Code in effect for the years in issue, *135 and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. Petitioners were residents of Lafayette, Indiana, at the time the petition was filed. As to petitioner Judy Plumback, this case was dismissed for the years 1983 through 1988 for lack of jurisdiction, since she filed no return for those years and no statutory notice of deficiency was sent to her. For 1989, Judy Plumback remains as a petitioner herein. Since all or nearly all of the issues herein pertain to petitioner William Plumback, references to "petitioner" hereinafter shall be to petitioner William Plumback, unless otherwise noted. Our findings of fact and opinion hereinafter will be grouped together under the heading of the issue which is discussed. As a preliminary and general observation with respect to all issues addressed, we note that in this case the burden of proof on all the issues presented is on petitioner. Rule 142(a); Welch v. Helvering290 U.S. 111 (1933). This means that the burden of persuasion here is on petitioners to show that respondent erred in the determinations which were made, and is not upon respondent to show *136 that she was right. 1. Filing Status
Petitioners have never filed income tax returns, either jointly or separately, for the years 1983 through 1988. Petitioners filed a joint Federal income tax return for 1989. Although petitioners have filed no returns for 1983 through 1988, and did not claim the right to use joint rates of tax prior to their brief herein, petitioner now claims that he is entitled to use of joint rates of taxation for those years. Respondent determined that the applicable rate for the years 1983 through 1988 was for a married person filing separately, viz, petitioner William A. Plumback. Since petitioners have never filed a joint income tax return, or any return at all, for the years 1983 through 1988, and have not claimed the right to use joint rates prior to the time of their brief herein, at a time when the case has been submitted for decision, we hold that they may not have the benefit of joint rates of taxation for 1983 through 1988. See Phillips v. Commissioner, 86 T.C. 433, 438-441 (1986), affd. on this issue 851 F.2d 1492 (D.C. Cir. 1988); Morgan v. Commissioner, 807 F.2d 81 (6th Cir. 1986), *137 affg. T.C. Memo. 1984-384; Thompson v. Commissioner, 78 T.C. 558 (1982); Schroeder v. Commissioner, T.C. Memo. 1989-110. 2. Business Activity and the Income Derived Therefrom
In the years 1983 to 1985, petitioner was an insurance agent, selling insurance policies from time to time for Dairyland Insurance Co., Stonewall Jackson National Insurance Co., and Hoosier Insurance Co. Between 1983 and 1987, petitioner also operated a furniture store known as "Bill's Furniture". From 1983 to 1989, petitioner sold firewood during the fall and winter months of the year. From 1987 until the time of trial herein, in the months from April to October, petitioner also engaged in purchasing items at garage sales, yard sales, and the like, and then reselling such items at various "flea markets". To a large extent, petitioner dealt in cash, both with respect to his purchases as well as his sales. No complete or adequate books and records of petitioner's business activities were kept or, if kept, were not presented to respondent's agent at the time petitioner's tax affairs were examined. Respondent *138 accordingly computed gross income from business for the years 1983 through 1987 on the bank deposits method. For 1988 and 1989, respondent's determinations were based on an audit of available records produced by petitioner. From this examination, and using the bank deposits method for business income purposes for the years 1983 through 1987, respondent determined that petitioner had unreported gross business income as follows: 1983
$ 65,996
1984
54,481
1985
50,554
1986
61,471
1987
23,558
1988
30,819
Respondent made no adjustment to petitioner's gross income from business in 1989. Further, respondent has conceded that petitioner's gross business income from 1988 should be $ 28,000, rather than the $ 30,819 which was originally determined. In the conduct of his various business enterprises, petitioner incurred expenses for cost of goods sold and other items. In the absence of any adequate records from which such expenses could be determined, respondent computed allowable business expenses at the rate of 21 percent of gross receipts (as determined above) for each of the years 1983 through 1987, based upon the ratio of expense to gross income that respondent was able *139 to determine from available records for 1988. Upon examination of available data, respondent also allowed business expenses for 1988 and 1989. Any documentation of an apparently allowable business expense was accepted by respondent. The total business expenses allowed by respondent were accordingly as follows: 1983
$ 13,859.30
1984
11,440.86
1985
10,616.43
1986
12,909.17
1987
4,947.33
1988
6,439.00
1989
4,537.04
Petitioner alleges numerous errors and omissions in respondent's determination of business income and expense, but we find these arguments unconvincing. In the first place, petitioner was prohibited from seeking to offer in evidence any documents which petitioner had not previously exhibited to respondent in advance of trial, as required by the Court's standing pretrial order in this case. See Rule 132(b). In the second place, many of the points urged by petitioner made no distinction between business expenses, which would be allowable, and personal expenses, which would not be allowable. Section 6001 requires all taxpayers to maintain sufficient records to determine their correct tax liabilities. When taxpayers fail to keep adequate records, the Commissioner *140 is authorized to determine the existence and amount of the taxpayers' income by any method that clearly reflects income. Sec. 446(b); Holland v. United States, 348 U.S. 121 (1954); Mallette Bros. Constr. Co. v. United States, 695 F.2d 145, 148 (5th Cir. 1983); Webb v. Commissioner, 394 F.2d 366, 371-372 (5th Cir. 1968), affg. T.C. Memo. 1966-81. The reconstruction of income need only be reasonable in light of all surrounding facts and circumstances. Giddio v. Commissioner, 54 T.C. 1530, 1533 (1970); Schroeder v. Commissioner, 40 T.C. 30, 33 (1963). The Commissioner is given wide latitude in determining which method of reconstruction to apply when taxpayers fail to maintain records. Petzoldt v. Commissioner, 92 T.C. 661, 693 (1989). Once the Commissioner has reconstructed the taxpayers' income, the burden is on the taxpayers to demonstrate that the Commissioner's determination is erroneous. Mallette Brothers Construction Co. v. United States, supra at 148. *141 The courts have long upheld the bank deposits method of computing income in cases where the taxpayers' records are inadequate or nonexistent. Estate of Mason v. Commissioner, 64 T.C. 651, 656 (1975), affd. 566 F.2d 2 (6th Cir. 1977); Jones v. Commissioner, 29 T.C. 601, 613-614 (1957). Bank deposits are prima facie evidence of income when the bank deposits method is used. Kearns v. Commissioner, T.C. Memo. 1991-320, affd. 979 F.2d 1176 (6th Cir. 1992). After analyzing the deposits made to petitioner's various accounts, and after separating out items which respondent determined were erroneous or duplicative, respondent established petitioner's gross income as we have described above. For the years 1983 through 1987, and based upon more complete records which were available to respondent for 1988, respondent established a percentage of such income which should be allowed as cost of goods sold and other business expenses as described. Based upon petitioner's failure to keep adequate records, or to produce them, and petitioner's habit *142 of conducting many of his transactions in cash, we find that the use of the bank deposits method for the years 1983 through 1987 was not shown to be unreasonable, and that petitioner has failed to show any error in respondent's determinations of gross business income and expenses for 1988 and 1989. 3. Income From Bank Interest
Respondent determined that petitioner received unreported interest income from bank or savings and loan accounts as follows: 1983
$  41
1984
31
1985
30
1986
18
1987
3
1988
221
1989
314
The parties have stipulated and we find that in the years in question petitioner maintained the following bank or savings and loan accounts and derived interest income therefrom as indicated: Accounts Maintained
First Fed. Sav.
State Fund of
Fountain
& Loan Assn.
Lizton
Trust Co.
Interest
Year
Lafayette, IN
Lizton, IN
Covington, IN
Earned
1983
Yes
$ 40.75
1984
Yes
31.00
1985
Yes
29.52
1986
Yes
18.11
1987
Yes
3.49
1988
Yes
Yes
143.00
1989
Yes
Yes
171.00
4. Capital Gain in 1988
Respondent determined that in 1988 petitioner had a capital gain of $ 2,500 on the sale of property at a selling price of $ 11,000, *143 on which petitioner had an allowable cost basis of $ 8,500. Petitioner contends that in fact only $ 8,900 should be considered to be the selling price, and that other offsets or deductions should be allowed in computing the capital gain, including such items as annual real estate taxes and other expenses as to which petitioner presented no proof, although petitioner admitted that in fact the sale of the property had been made in 1988. We find nothing in this record on which we can decide that respondent erred in this determination. 5. Personal Exemptions
Petitioner originally challenged respondent's determinations as to allowable personal exemptions for the years in question. The parties now have stipulated that petitioner is entitled to four exemptions for the years 1983 through 1985, and three exemptions for the years 1986 through 1989, to be taken into account herein upon the necessary Rule 155 computation. 6. Self-Employment Tax
Respondent determined that petitioner was liable for self-employment tax under section 1401 for all the years involved herein; petitioner ignored this issue on brief and said nothing about it. We sustain respondent's determination. *144 7. Earned Income Credit
Respondent disallowed petitioner's claimed earned income credit of $ 467 for the year 1989. Respondent concedes that petitioners would be entitled to an earned income credit for this year, except that respondent determined that petitioners' earned income exceeded the amount allowable as a basis for the earned income credit under section 32, which was $ 19,340. Unless the necessary computation herein under Rule 155 establishes that petitioners had earned income of less than the above figure, no earned income credit is allowable. 8. Additions to Tax
Respondent made further determinations of additions to tax under sections 6651(a)(1), 6653 for the years 1983 through 1988, section 6662(b)(1) for 1989, and section 6654 for the years 1983 through 1988. As we have stated before, the burden of proof as to all the issues in this case was upon petitioners. Welch v. Helvering, supra; see also United States v. Boyle, 469 U.S. 241 (1985) (section 6651(a)(1)); Bixby v. Commissioner, 58 T.C. 757 (1972) (section 6653(a)); Grosshandler v. Commissioner, 75 T.C. 1 (1980) *145 (section 6654). Petitioners presented nothing on those subjects either at trial or on brief, and we accordingly sustain respondent. Based on the foregoing, Decision will be entered under Rule 155.