T.C. Summary Opinion 2002-134


UNITED STATES TAX COURT



PEDRO PELAYO-ZABALZA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12940-01S.          Filed October 15, 2002.


Pedro Pelayo-Zabalza, pro se.

<u>Christian A. Speck</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.[1]  The decision to be entered in this case is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1] All subsequent section references are to the Internal Revenue Code in effect for 2000, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 2000 in the amount of $4,679.

After a concession by respondent,[2] the issues for decision by the Court are as follows:

(1) Whether petitioner is entitled to head of household filing status. We hold that he is not.

(2) Whether petitioner is entitled to an earned income credit. We hold that he is not.

An adjustment to the amount of petitioner's standard deduction is a purely mechanical matter, the resolution of which is dependent on our disposition of the disputed issue regarding petitioner's filing status.

Background

This case was deemed to be submitted fully stipulated, and the facts stipulated are so found. Petitioner resided in Sacramento, California, at the time that his petition was filed with the Court.

Throughout the taxable year 2000, petitioner was married to Rita Pelayo and lived with her, together with the couple's two daughters, in Sacramento, California.

During 2000, petitioner was employed as a laborer and received wages in the amount of $11,767. Rita Pelayo was also

---

[2] Respondent concedes that petitioner is entitled to deductions for dependency exemptions for his two minor daughters, Alejandra Anae and Araceli.

employed in 2000 and received wages in the amount of $2,576.

Petitioner timely filed a Form 1040A, U.S. Individual Income Tax Return, for the taxable year 2000. On his return, petitioner designated his filing status as head of household and claimed the standard deduction in the amount corresponding to that filing status. Petitioner also claimed: (1) Deductions for dependency exemptions for his two minor daughters, Alejandra Anae and Araceli, and (2) the maximum earned income credit. Petitioner did not claim a child tax credit.[3]

Petitioner reported on his income tax return for 2000 the wages that he received, and he attached to his return a Form W-2, Wage and Tax Statement, from each of his two employers. Petitioner did not report on his return the wages that his spouse received, nor did he attach to his return the Form W-2 from her employer.

Petitioner's income tax return for 2000 was prepared by Juan E. Hernandez of Zeta Enterprise in Sacramento, California. Petitioner sought the assistance of a return preparer because he was unable to prepare a return himself. Petitioner is a native speaker of Spanish, and his ability to speak and understand English is extremely limited.

---

[3] Petitioner reported zero tax on line 26 of his Form 1040A and was therefore ineligible for a child tax credit. See sec. 24.

The record does not disclose whether Rita Pelayo filed an income tax return for the taxable year 2000.[4]

In the notice of deficiency, respondent determined that petitioner's filing status was "married filing separately" rather than "head of household". Respondent also determined that petitioner was not entitled to either (1) deductions for dependency exemptions or (2) an earned income credit. Respondent also adjusted the amount of petitioner's standard deduction to correspond with the determined filing status. Finally, respondent did not make any allowance for a child tax credit.

Discussion[5]

A. Filing Status

In order to qualify for "head of household" filing status, an individual must satisfy several requirements. One of those requirements relates to the individual's marital status. Thus, as relevant herein, section 2(b)(1) provides that "an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year".

---

[4] Rita Pelayo did not sign petitioner's Form 1040A, nor is there any indication on such form that it is intended as a joint return. See sec. 6013(a).

[5] We decide the issues in this case without regard to the burden of proof. Accordingly, we need not decide whether the general rule of sec. 7491(a)(1) is applicable in this case. See Higbee v. Commissioner, 116 T.C. 438 (2001).

The parties stipulated that petitioner was married to Rita Pelayo and lived with her throughout the taxable year 2000. Under such circumstances, petitioner does not qualify for "head of household" filing status. Cf. secs. 2(c), 7703(b) (regarding certain married individuals living apart who are treated as not married).

In view of the foregoing, we sustain respondent's determination on this issue.[6]

B. Earned Income Credit

In the case of an eligible individual, section 32(a) allows an earned income credit against the individual's income tax liability. However, in the case of an individual who is married as of the close of his taxable year, the credit is only available if the individual files a joint return with the individual's spouse. Sec. 32(d); see sec. 7703(a)(1).

The parties stipulated that petitioner was married to Rita Pelayo and lived with her throughout the taxable year 2000. Cf. sec. 7703(b). Under such circumstances, petitioner would only qualify for the earned income credit if he filed a joint return.

---

[6] Because of the modest amount of petitioner's income, respondent's adjustments related to filing status and the amount of the standard deduction may have no tax effect. If these adjustments do have a tax effect, then, as part of the Rule 155 computation, the parties shall consider the applicability of the child tax credit under sec. 24.

Sec. 32(d).  Unfortunately for petitioner, he did not do so.[7]

In view of the foregoing, we sustain respondent's determination on this issue.

C.  Conclusion

We are satisfied that petitioner is a conscientious taxpayer who tried to fulfill his Federal income tax obligations by securing the assistance of a professional tax return preparer. Unfortunately for petitioner, his preparer gave him erroneous advice.  Although this fact might have insulated petitioner from liability for a penalty if respondent had determined one, a taxpayer's good-faith reliance on a professional tax preparer does not insulate the taxpayer from liability for the underlying tax itself.

Reviewed and adopted as the report of the Small Tax Case Division.

---

[7] There is nothing in the record to suggest that, as of the date that respondent sent the notice of deficiency, petitioner and Rita Palayo had attempted to file a joint return for the taxable year 2000.  Inasmuch as petitioner filed a petition in respect of such notice, he is precluded from filing a joint return for that year.  See sec. 6013(b)(2); cf. Phillips v. Commissioner, 86 T.C. 433, 441 n.7 (1986), affd. on this issue 851 F.2d 1492 (D.C. Cir. 1988).

To give effect to respondent's concession and our disposition of the disputed issues,

Decision will be entered

under Rule 155.[8]

---

[8] We expect the parties to reflect clearly in their Rule 155 computation the amount of whatever deficiency, deficiency to be paid, or overpayment that may exist in this case. In this regard, we note that respondent's trial memorandum states that "Petitioner's earned income credit request and request for refund of his federal tax withholding * * * were frozen prior to the issuance of the deficiency notice". Thus, although a technical deficiency may exist, see sec. 6211(a),(b)(1), (4), no part of that deficiency may remain to be paid, and petitioner may be entitled to a refund of all or part of the tax withheld from his wages.