T.C. Memo. 1997-350

UNITED STATES TAX COURT

FRANCIS Z. MISCHEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24938-95.                    Filed July 30, 1997.

Francis Z. Mischel, pro se.

<u>Pamelya P. Herndon</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(4) of the Internal Revenue Code of 1986, as amended, and

Rules 180, 181, and 183.[1]  The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1992 in the amount of $2,096 and an addition to tax under section 6651(a)(1) in the amount of $519.  In contrast, petitioner claims an overpayment in the amount of $352,100.

After concessions by petitioner,[2] the issues for decision are as follows:

(1) Whether respondent may, in determining the deficiency in income tax against petitioner, disregard the community property laws of the State of Arizona;

(2) Whether, for purposes of determining the applicable tax rates and standard deduction, petitioner's filing status is that of a married person filing jointly, a married person filing separately, or a head-of-household;

(3) whether petitioner is entitled to dependency exemption deductions for her three children;

---

[1]    Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1992, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]    Petitioner concedes that she worked for Sandia Oil Co. and Show Low Gemstones, Inc. in 1992 and received wages during that year from those companies in the amounts of $5,735 and $13,518, respectively.

(4) whether petitioner is entitled to an additional exemption for her husband;

(5) whether petitioner is entitled to an earned income credit;

(6) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file an income tax return;

(7) whether petitioner overpaid her income tax; and

(8) whether petitioner should be liable for a penalty under section 6673.

## FINDINGS OF FACT

None of the facts have been stipulated. Petitioner Francis Z. Mischel (petitioner) resided in St. Johns, Arizona, at the time that her petition was filed with the Court.

## A. Petitioner and Her Family

Petitioner was married to Le W. Mischel (Mr. Mischel) throughout 1992 and lived with him during the year. Mr. Mischel was not gainfully employed in 1992 and received no income during the year; he was also without financial resources.

Petitioner and Mr. Mischel have 3 children: Andre, a son, who turned 12 in 1992; Daphne, a daughter, who turned 17 in 1992; and Melody, a daughter, who turned 18 in 1992. Andre, Daphne, and Melody resided with petitioner and Mr. Mischel in 1992, except for that part of the year when Daphne or Melody may have been away in college.

B. Petitioner's Employment

Petitioner worked for Sandia Oil Co. (Sandia) and Show Low Gemstones, Inc. (Show Low) in 1992. During that year, petitioner received wages from those companies in the amounts of $5,735 and $13,518, respectively, for a total of $19,253. No Federal income tax was withheld from petitioner's wages by Sandia; Federal income tax in the amount of $20 was withheld from petitioner's wages by Show Low.

Petitioner provided the sole support for herself and her family in 1992.

C. Petitioner's Form 1040A

On April 23, 1993, respondent received a Form 1040A (U.S. Individual Income Tax Return) that purported to be an income tax return for 1992 (the Form 1040A). Although the Form 1040A was signed by petitioner, it was prepared by (or at the direction of) Mr. Mischel.

The Form 1040A disclosed petitioner's filing status as "head-of-household", claimed the standard deduction in the amount appropriate for that filing status, and listed Andre, Daphne, and Melody as dependents. The Form 1040A also included the following numerical entries:

| Entry | Amount |
|---|---|
| Wages, salaries, tips, etc. | $(207,485.41) |
| Total income | (207,485.41) |
| Total adjustments to income | -0- |
| Adjusted gross income | (207,485.41) |
| Standard deduction | 5,250.00 |
| Exemptions (4 @ $2,300 ea.) | 9,200.00 |
| Taxable income | -0- |
| | |
| Tax | -0- |
| Total tax | -0- |
| Payments: | |
| tax withheld | $303,114.25 |
| estimated tax payment | 602.50 |
| earned income credit | 1,384.00 |
| Total payments | $305,100.75 |
| Tax informant fee | 47,000.00 |
| Overpaid/refund | $352,100.75 |

At trial, the entry of $(207,485.41) was described as consisting of the following items:

| Item | Amount |
|---|---|
| Fraudulent IRS claim | $(188,000.00) |
| Arizona tax based on fraud- ulent IRS information | (38,739.56) |
| Subtotal | $(226,739.56) |
| Wages (Sandia & Show Low) | 19,253.00 |
| Total | $(207,486.56) |

The "fraudulent IRS claim" apparently relates to what petitioner regards as a fraudulent assessment(s) or claim made by respondent against petitioner or Mr. Mischel for tax pertaining to a taxable year(s) prior to the taxable year in issue. The "Arizona tax based on fraudulent IRS information" apparently relates to what petitioner regards as a fraudulent assessment or claim made by the Arizona Department of Revenue against petitioner or Mr.

Mischel for tax pertaining to the taxable year 1986 "based on fraudulent information furnished by respondent".

The entry for "tax withheld" in the amount of $303,114.25 apparently relates principally to what petitioner believes was the fraudulent income amount for the taxable year 1986 that was furnished by respondent to the Arizona Department of Revenue and that led to the "Arizona tax based on fraudulent IRS information" described above.

The entry for "estimated tax payment" in the amount of $602.50 represents the alleged out-of-pocket cost incurred by petitioner and Mr. Mischel in traveling to respondent's service center in Ogden, Utah, in February 1992 in order to review their tax records for prior years.

The entry for "tax informant fee" in the amount of $47,000 represents 25 percent of $188,000. This "fee" was claimed by petitioner on the basis that she and Mr. Mischel exposed "the fraudulent IRS claim" described above.

Respondent did not process the Form 1040A as an income tax return. Rather, respondent treated it as a frivolous return and assessed the frivolous return penalty under section 6702 against petitioner in the amount of $500.

D. Petitioner's Form 1040X

At trial, petitioner tendered to the Court a Form 1040X (Amended U.S. Individual Income Tax Return) for 1992 (the Form 1040X), which mirrored the Form 1040A, except for the following:

(1) The Form 1040X was signed by both petitioner and Mr. Mischel; (2) the Form 1040X claimed one additional exemption (for Mr. Mischel); and (3) the Form 1040X claimed the standard deduction in an amount appropriate to a joint return. Petitioner never filed the Form 1040X with respondent.[3]

E. Respondent's Determination

By notice of deficiency issued August 25, 1995, respondent determined that petitioner received income from wages in the total amount of $19,253 in 1992. Respondent also determined that petitioner did not file an income tax return for 1992 and is therefore liable for the addition to tax under section 6651(a)(1).

In determining the amount of the deficiency in income tax, respondent: (1) Treated petitioner as married; (2) allowed petitioner the standard deduction in an amount appropriate to a married person filing separately; (3) applied the tax rates applicable to that filing status; (4) allowed petitioner an exemption for herself; and (5) did not allow any dependency exemptions or the earned income credit. Further, in determining the amount of the deficiency, respondent did not make any allowance for the community property laws of the State of Arizona.

---

[3] At trial, Mr. Mischel testified that "we do not regard the IRS as having any jurisdiction over [petitioner's] 1992 taxes at this particular time, until the Court releases the jurisdiction back to the IRS."

F. Petitioner's Contentions

Petitioner admits that her wages are taxable.  However, petitioner contends that she reported her wages on the Form 1040A, which she further contends is a valid income tax return. In the alternative, petitioner contends that she should not be held liable for an addition to tax under section 6651(a)(1) because the frivolous return penalty under section 6702 has already been assessed against her.

Petitioner also contends:  (1) Her tax liability should be computed by reference to the rates applicable to married individuals filing jointly; (2) she is entitled to the standard deduction in an amount appropriate to that filing status; (3) she is entitled to a total of 5 exemptions, 3 for her children and one each for herself and Mr. Mischel; (4) she is entitled to the earned income credit; and (5) she is entitled to a refund in the amount claimed on the Form 1040A.

OPINION

Issue (1):  Community Property Split

We begin with an issue not raised by the parties but which we think must be addressed as a fundamental matter; i.e., whether respondent may disregard community property laws in determining a deficiency.  In this regard, we recall that respondent did not make any allowance for the community property laws of the State

of Arizona in determining the deficiency in income tax against petitioner.

Section 66(b) authorizes the Commissioner to disallow the benefits of any community property law to a taxpayer with respect to any income if (1) the taxpayer acted as if solely entitled to such income and (2) the taxpayer failed to notify the taxpayer's spouse (before the due date for filing the return for the taxable year in which the income was earned) of the nature and amount of such income.

At trial, respondent was unable to offer any persuasive reason why respondent was authorized to disregard the community property laws of the State of Arizona.  Petitioner did not act as if she were solely entitled to her wage income, and she did not fail to notify Mr. Mischel of such income.  Indeed, petitioner's wages provided the support for petitioner and her family, and petitioner's wages were part of the computation on the Form 1040A, which was prepared by (or at the direction of) Mr. Mischel.

Arizona law provides that the wages of a spouse represent community property and that each spouse has an equal one-half interest in those earnings.  Ariz. Rev. Stat. Ann. sec. 25-211 (West 1976); Goodell v. Koch, 282 U.S. 118 (1930).  Accordingly, each spouse must report one-half of such income when a separate income tax return is filed.  United States v. Mitchell, 403 U.S. 190, 198 (1971).

We have found as a fact that petitioner was married to Mr. Mischel throughout 1992 and lived with him during the year. This finding, which is based on the evidence adduced at trial, is supported by respondent's determination, made in the notice of deficiency, regarding petitioner's marital status in 1992.

In view of the foregoing, we hold that petitioner is taxable on only one-half of the wages received from Sandia and Show Low in 1992; i.e., one-half of $19,253 or $9,626.50, as reflected in the computation infra on p. 12. See Schramm v. Commissioner, T.C. Memo. 1991-523, affd. without published opinion 988 F.2d 121 (9th Cir. 1993).

Issue (2): Petitioner's Filing Status

On the Form 1040A, petitioner claimed head-of-household filing status; on the Form 1040X, petitioner claimed that she was entitled to file as a married individual filing jointly. In contrast, respondent determined that petitioner must file as a married individual filing separately. We agree with respondent.

Petitioner does not qualify as a head-of-household because petitioner was married to Mr. Mischel throughout 1992 and lived with him during the year. Section 2(b)(1) requires, inter alia, that a "head of household" not be married at the close of his or her taxable year. Cf. sec. 2(c).

Petitioner does not qualify as a married individual filing jointly for the simple reason that petitioner did not file a joint return with Mr. Mischel. See secs. 1(a), 6013; see

Phillips v. Commissioner, 86 T.C. 433, 441 n.7 (1986), affd. in part and revd. in part on other issues 851 F.2d 1492 (D.C. Cir. 1988).

In view of the foregoing, we sustain respondent's determination that petitioner's tax liability must be computed by reference to the rates applicable to married individuals filing separately and that petitioner is only entitled to a standard deduction in the amount applicable to that filing status.

Issue (3):  Claimed Dependency Exemption Deductions for Petitioner's Children

Respondent does not contend that, as a matter of law, petitioner is not entitled to claim her children as dependents. Rather, respondent contends that petitioner failed to demonstrate, during the examination stage of this case, "whether or not these dependents were truly under her care and entitled to dependent exemption."

The record demonstrates, and we have found as a fact, that petitioner provided the sole support for herself and her family in 1992.  The record also demonstrates that Andre, Daphne, and Melody resided with petitioner (and Mr. Mischel) in 1992, except for that part of the year when Daphne or Melody may have been away in college.  Under these circumstances, and in view of Mr. Mischel's lack of financial resources, we hold that petitioner is entitled to dependency exemption deductions for her children.

Issue (4):  Additional Exemption for Mr. Mischel

If a joint return is not filed, an exemption for a taxpayer's spouse is allowable under section 151(b) only if the spouse has no gross income and is not the dependent of another taxpayer.  For the reasons discussed in issue (6) _infra_, the issue regarding the exemption for Mr. Mischel is moot.

Issue (5):  Earned Income Credit

As relevant herein, section 32(d) provides that a married individual is entitled to the earned income credit only if a joint return is filed.  Because petitioner did not file a joint return, she is not entitled to an earned income credit.

Issue (6):  Addition to Tax Under Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax if a taxpayer fails to file a timely return, unless the taxpayer's failure is due to reasonable cause and not due to willful neglect.  The addition is based on the amount required to be shown as tax on the return.

Petitioner is not liable for the addition to tax under section 6651(a)(1) because the amount required to be shown as tax on her return was zero.  The following calculation shows why this is true:

| | |
|---|---:|
| Income | $9,626.50 |
| Less: standard deduction | −3,000.00 |
| | $6,626.50 |
| Less: personal exemption | −2,300.00 |
| | $4,326.50 |
| Less: dependency exemptions | −6,900.00 |
| Taxable income | -0- |
| | |
| Tax | -0- |

Issue (7): Petitioner's Claim for Overpayment

Based on the foregoing calculation, and recalling that $20 was withheld from petitioner's wages by Show Low, we hold that petitioner overpaid her tax by $20.[4]

We reject petitioner's claim for an overpayment in an amount greater than the amount of her withholding. The full $352,100.75 claim made in the Form 1040A is whimsical, if not capricious. Negative gross income is not a concept that the Federal tax law recognizes, and the amounts claimed by petitioner as "tax withheld", "estimated tax payment", and "tax informant fee" are simply not payments of tax that could give rise to an overpayment.

Issue (8): Penalty Under Section 6673

Respondent has not moved for the imposition of a penalty under section 6673. Nevertheless, we think it appropriate to consider the matter. See Schramm v. Commissioner, T.C. Memo. 1991-523, affd. without published opinion 988 F.2d 121 (9th Cir. 1993).

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for

---

[4]    Whether or not the Form 1040 constitutes a valid return, an issue we do not and need not reach, we think that it constitutes a valid claim for refund. Cf. Commissioner v. Lundy, 516 U.S. ___ 116 S.Ct. 647 (1996).

delay or that the taxpayer's position in such proceeding is frivolous or groundless.

Although it might seem odd to consider imposing a penalty under section 6673 when we have not sustained respondent's determination regarding the deficiency and addition to tax, we note the following:  First, petitioner prevailed in this case only because the Court, not petitioner, raised the community property issue.  Second, petitioner's interest in this case has been principally, if not exclusively, to pursue matters pertaining to prior taxable years that have absolutely no relevance to the taxable year in issue.  The Form 1040A submitted by petitioner reflects a fanciful approach to her Federal income tax responsibilities, and the contentions made in support of that form are without merit.

Notwithstanding the foregoing, we have decided not to exercise our discretion to impose a penalty under section 6673, in part because of our concern that petitioner may be acting at the misguided direction of Mr. Mischel.  Nevertheless, petitioner should understand that persistence in this Court in pursuing the overpayment claimed in the Form 1040A in a subsequent case may result in the imposition of a penalty under section 6673.

To give effect to the foregoing,

<u>A decision for petitioner will be entered that there is no deficiency and no addition to tax under section 6651(a)(1), and that there is an overpayment in the amount of $20, for the taxable year 1992</u>.