NEWMAN, Circuit Judge,
dissenting.
The Liftin Estate tax return was filed late, after a delay resulting from the time required for Mrs. Liftin to obtain United States citizenship and to resolve other estate issues. However, the estimated estate tax of $877,300 had been paid two years earlier, as provided by statute, before any late-filing penalty could accrue. Nonetheless, the IRS levied the same 25% *983 late-filing penalty as if no payment of estimated tax had been made. My colleagues on this panel agree with this outcome.
With all respect to my colleagues, they are incorrect. The role of the estimated tax payment is to avert the imposition of a penalty. No statute or regulation provides that the nonpayment penalty accrues for the period after full payment of the estimated tax. The statute explicitly bars such assessment. It is incongruous to levy a penalty for late payment of a tax that had been timely and fully paid two years earlier, before the penalty period accrued.
Nonetheless, my colleagues hold that the 25% penalty is incurred as if no estimated tax had been paid. On January 16, 2004 the Estate paid (overpaid) an estimated tax of $877,300.[1] Also on January 16, 2004, the IRS responded to the Estate’s November 2003 written request and notified the Estate that the time for filing the return was extended to June 2, 2004; the time for paying the tax was also extended to June 2, 2004.
Mrs. Liftin duly proceeded with the naturalization process, and the record states that there were disputes arising from a prenuptial agreement. In October 2004, the IRS inquired as to why the Estate had not filed its tax return, and tax counsel responded that the Estate planned to delay the filing until Mrs. Liftin became a naturalized citizen so that it could claim the marital deduction, as provided by statute. The IRS did not respond to this letter.
On May 9, 2006, the Estate filed its estate-tax return, reporting a tax of $678,572.25, citing the estimated tax payment of $877,300, stating that no tax was due and requesting refund of the overpayment of $198,727.75. The IRS then assessed a late-filing penalty of $169,643.06, measured as 25% of the reported tax. The Estate filed an administrative “Claim for Refund and Request for Abatement” of the penalty. The IRS abated and refunded $33,928.61, leaving a penalty assessment in the amount of $135,714.45.
On appeal to the Court of Federal Claims, the Estate pointed out that the entire tax liability was met by the estimated tax payment. The court sustained the penalty, finding that although the delay in filing during the citizenship process could be excused, the delay while the “ancillary matters” relating to the prenuptial agreement were resolved was not excused. The court held that it was irrelevant that the full estimated tax had been timely paid over two years earlier, and that the penalty was appropriate.
Discussion
Although in this case the statute is sufficiently clear, if ambiguity arises in interpretation of the tax law, the Supreme Court has established that tax laws are construed “most strongly against the government and in favor of the citizen”:
In the interpretation of statutes levying taxes it is the established rule not to extend their provision, by implication, beyond the clear import of the language used, or to enlarge their operations so as *984 to embrace matters not specifically pointed out. In case of doubt, they are construed most strongly against the government, and in favor of the citizen.
Gould v. Gould, 245 U.S. 151, 153, 38 S.Ct. 53, 62 L.Ed. 211 (1917).
This rule takes additional force when interpreting a tax penalty statute: “We are here concerned with a taxing Act which imposes a penalty. The law is settled that ‘penal statutes are to be construed strictly,’ and that one ‘is not to be subjected to a penalty unless the words of the statute plainly impose it.’ ” Comm’r v. Acker, 361 U.S. 87, 91, 80 S.Ct. 144, 4 L.Ed.2d 127 (1959) (quoting FCC v. Am. Broad. Co., 347 U.S. 284, 296, 74 S.Ct. 593, 98 L.Ed. 699 (1954); Keppel v. Tiffin Sav. Bank, 197 U.S. 356, 362, 25 S.Ct. 443, 49 L.Ed. 790 (1905)).
The Estate paid estimated tax in excess of its actual tax liability, and so there was no unpaid tax. And yet, my colleagues hold that the penalty is incurred, whether or not the full tax was paid two years earlier. The penalty statute contravenes this holding.
The penalty statute contains several subparts. The government’s brief initially cited only I.R.C. § 6651(a)(1):
§ 6651(a)(1) In the case of failure—
to file any return ... on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.
The next statutory provision is directed to the penalty of subsection (a)(1) when the taxpayer has paid all or some of the tax liability before the due date for the return:
§ 6651(b)(1) Penalty imposed on net amount due.—
For purposes of—
subsection (a)(1), the amount of tax required to be shown on the return shall be reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be claimed on the return.
Although the IRS states that the penalty is for late filing, not for late payment, the statute is directed to “the amount of tax required to be shown on the return”, which is “no amount” when the tax has been paid as estimated tax, as illustrated in James v. Comm’r, 40 T.C.M. (CCH) 45 (1980):
The imposition of the section 6651(a)(1) penalty is upon the amount required to be shown as tax on such return. Consequently, if there is no amount required to be shown as tax on the return (as in some cases of excess withholdings, estimated tax payments, or net operating loss carryovers), then there can be no penalty.
(emphasis added). Further elaboration is provided in Mischel v. Comm’r, 74 T.C.M. (CCH) 253 (1997), the Tax Court explaining that when no tax is due, and thus no amount required to be shown on the return, there is no penalty for additional tax, for “[t]he addition is based on the amount required to be shown as tax on the return.”
That is the situation here. The Estate paid “estimated tax payments” in excess of its actual tax liability, whereby “there can be no penalty.” James, 40 T.C.M. (CCH) at 45. The Estate’s tax return shows an overpayment of $198,727.75 and thus a *985 negative balance due; the amount of tax and overpayment are not disputed. Applying § 6651(b)(1), the penalty calculated pursuant to § 6651(a)(1) is zero because the “amount required to be shown as tax on such return” was zero.
The government argues that § 6651(b)(1) should be interpreted to exclude all extensions, even when there is an explicit extension for payment of the tax. Thus the government argues that because the Estate’s estimated tax payment was made after the original due date, § 6651(b)(1) does not apply. Such a statutory interpretation is without support. I further observe that even on this interpretation, the Estate paid its estimated tax only a few days after the initial unextend-ed due date, whereas the 25% penalty is calculated on a minimum five months of non-payment.
The IRS argues, and my colleagues agree, that the full penalty is due as if no estimated tax at all had been paid at any time. Such statutory interpretation renders meaningless the provisions for extension of time as well as the purpose of permitting and requiring estimated payments although the tax return is filed later. It cannot be correct to interpret the statute as imposing a penalty of 25% of the tax that was already paid. This position contradicts the legislative record for § 6651, for both the House and Senate Reports explain that the penalty is based on the tax due on the return, not the amount previously estimated and paid:
Subsection (b) of this section [6651] provides that the addition to the tax will be computed on the net amount due on the return rather than on the gross amount of the tax required to be shown on the return. This provision is important in the case of income tax where a large part of the amount of the tax shown on the return may have been prepaid through declaration of the estimated tax or through income tax withholdings.
H.R.Rep. No. 83-1337, at 419 (1954); S.Rep. No. 83-1635, at 591 (1954).
Thus § 6651(b) bars a penalty for late-filing when the tax was “prepaid through declaration of the estimated tax,” id. Here the IRS was already in possession of the entire tax owed, plus a large overpayment. The Supreme Court’s statement in Gould v. Gould warrants repetition: “In case of doubt, [statutes levying taxes] are construed most strongly against the government, and in favor of the citizen.” 245 U.S. at 153, 38 S.Ct. 53.
From my colleagues’ contrary ruling, I respectfully dissent.

. The Estate's tax counsel calculated the estimated tax in three ways. The first calculation assumed that the Estate would elect I.R.C. § 2056A's qualified domestic trust (QDOT) provisions. The second calculation assumed that Mrs. Liftin would become a naturalized U.S. citizen prior to filing the return, I.R.C. § 2056(d)(4), such that the Estate could claim a marital deduction under I.R.C. § 2056(a). The third calculation assumed the Estate could claim neither the benefit of the QDOT provisions nor a marital deduction. The Estate paid its estimated tax to the IRS on January 16, 2004 based on the third (the highest) estimated tax calculation.