940 F.2d 667
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Roland Wayne BULMAN, Petitioner-Appellant,
v.
Roger CRIST, Warden, Respondent-Appellee.
 No. 90-16780.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 23, 1991.*
Decided July 26, 1991.
 Before PREGERSON, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roland Wayne Bulman, an Arizona state prisoner, appeals pro se the district court's sua sponte dismissal of his 28 U.S.C. Sec. 2254 petition for habeas corpus. We review de novo, Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir.1989), and vacate and remand.
 
 
 3
 Bulman filed a habeas petition in the Arizona Supreme Court. On August 1, 1990, the Supreme Court dismissed the petition, finding that "Bulman did not file a direct appeal on the advice of counsel and ... further that he elected not to file a Petition for Review after a Petition for Post-Conviction Relief was dismissed and relief denied." On August 16, 1990, Bulman filed a habeas petition in federal district court. The district court dismissed the petition for failure exhaust state remedies, finding that Bulman had "not fairly presented his claims to the Arizona Supreme Court by filing a petition for writ of habeas corpus/special action." In his motion for reconsideration, Bulman contended that he filed a direct appeal and exhausted his state remedies. On October 4, 1990 the district court denied Bulman's motion for reconsideration.
 
 
 4
 A state prisoner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. Sec. 2254(b); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). The petitioner has the burden of alleging exhaustion. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir.1981), cert. denied, 455 U.S. 1023 (1982). Nevertheless, a district court may dismiss a habeas petition without serving it on the government if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." See Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. Sec. 2254.
 
 
 5
 Here, it is not clear from the record what remedies Bulman pursued in the state court or whether any state remedies are still available to Bulman. Furthermore, the district court apparently misconstrued the petition for habeas corpus filed by Bulman in the state Supreme Court as a petition for special action. Thus, it was premature for the district court to dismiss Bulman's federal habeas petition without ordering service of the petition on the respondent because it is not clear from the face of the petition whether he has exhausted available state remedies. Presumably the Warden's response to Bulman's petition will clarify what transpired in the state court by creating a more complete record. Therefore, we vacate and remand for issuance and service of process upon the respondent.
 
 VACATED AND REMANDED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bulman's March 21, 1991 motion is denied as moot