MICHAEL GEORGES, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Georges v. Commissioner
Docket No. 6372-90
United States Tax Court
T.C. Memo 1991-591; 1991 Tax Ct. Memo LEXIS 641; 62 T.C.M. (CCH) 1343; T.C.M. (RIA) 91591; December 2, 1991, Filed *641 An appropriate order and decision will be entered. Michael Georges, pro se. Leonard T. Provenzale, for the respondent. GOLDBERG, Special Trial Judge. GOLDBERG
MEMORANDUM OPINION This case was considered pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code. [1]
This matter is before the Court on petitioner's Motion to Vacate Decision and motion for award of administrative and litigation costs filed pursuant to Rule 231. We vacated our decision entered on May 24, 1991, pursuant to the agreement of the parties, for the purpose of considering petitioner's motion for costs. The controversy in this case concerns the year 1987, in which petitioner failed to file his Federal income tax return. A notice of deficiency was issued on January 10, 1990, from the Andover, Massachusetts, Service Center, determining a deficiency *642 of $ 2,990 and additions to tax of $ 747.50 under section 6651(a)(1), $ 149.50 under section 6653(a)(1)(A), and 50 percent of the interest due on $ 2,990 under section 6653(a)(1)(B). On April 6, 1990, petitioner filed his petition with this Court. At some time, respondent filed in petitioner's name a Form 1040 which was blank except for the name and address. Respondent was subsequently unable to find this return until August 1991. The notice of deficiency, however, was issued on the basis of reconstructed income, single filing status, and the standard deduction, with an additional deduction for self-employment tax paid. Petitioner filed a tax return for the year 1987 on December 5, 1990. The geographical dimensions of this case have caused petitioner inconvenience. Petitioner moved to Lake Park, Florida, before the commencement of this case and was unable to attend a conference in Andover, Massachusetts, because his residence was so far away. Petitioner originally requested the place of trial as Washington, D.C. Trial was later rescheduled for Miami, Florida. On May 14, 1991, a conference was held between respondent and petitioner. At that time petitioner provided respondent *643 with substantiation of his income and deductions, including deductions for substantial expenses which he made for travel away from home in pursuit of his trade or business. Subsequently, petitioner and respondent reached an agreement that there was no deficiency and no additions to tax due from petitioner. A fully stipulated decision was entered on May 24, 1990. Pursuant to section 7430(a), a prevailing party in certain civil tax proceedings may be awarded a judgment for reasonable administrative and litigation costs. To be a "prevailing party" under section 7430(c)(4), the party seeking the award must: (1) Establish that the position of the United States in the proceedings was not substantially justified, section 7430(c)(4)(A)(i); (2) substantially prevail in the controversy, section 7430(c)(4)(A)(ii); and (3) establish that he has a net worth which does not exceed 2 million dollars at the time the proceeding was commenced, section 7430(c)(4)(A)(iii). A judgment for litigation costs will not be awarded under section 7430(a) unless the Court determines that the prevailing party has exhausted the administrative remedies available to him with the Internal Revenue Service. Sec. *644 7430(b)(1). No award for reasonable costs may be made with respect to any portion of the proceeding during which the prevailing party has unreasonably protracted such proceeding. Sec. 7430(b)(4). All of these requirements must be met. Polyco v. Commissioner, 91 T.C. 963 (1988); Sher v. Commissioner, 89 T.C. 79, 83 (1987), affd. 861 F.2d 131 (5th Cir. 1988). Respondent concedes that petitioner has exhausted his administrative remedies and has substantially prevailed. The remaining questions are whether petitioner: (1) Has established that the position of the United States was not substantially justified, (2) has established that he meets the net worth requirement, and (3) has claimed a reasonable amount of expenses. Initially, we must establish when the position of the United States was established. Pursuant to section 7430(c)(7), the position of the United States, taken in an administrative proceeding, is the position taken by respondent as of the earlier of (1) the date petitioner receives the notice of the decision of the Internal Revenue Service Office of Appeals, or (2) the date of the notice of deficiency. In this *645 case, the applicable date is January 10, 1990, the date of the notice of deficiency. On the basis of the record, it is clear that respondent had a reasonable basis for issuing the statutory notice using whatever information he had concerning petitioner's income, and without taking petitioner's deductions into consideration, as petitioner did not file his 1987 tax return until December 5, 1990, 10 months and 25 days after the notice of deficiency was issued and 2 years, 7 months, and 20 days after the due date of the return. Petitioner is required by section 6001 to file a return, and respondent has the authority, in a case when a taxpayer does not file a return, to make a return "from his own knowledge and from such information as he can obtain." Sec. 6020(b). Under the circumstances we cannot conceive how petitioner could think of himself as a victim and of respondent as "fabricating" a deficiency. Petitioner did not attend the conference in Andover, Massachusetts, because of the inconvenience of the location, and did not respond to respondent's letter of April 5, 1991, requesting informal discovery. The first conference between petitioner and respondent occurred on May 14, *646 1991. At that conference, petitioner produced documentation of his income and expenditures. After reviewing petitioner's substantiation, respondent conceded the issues of the deficiency and additions to tax and the parties settled the case. On May 20, 1991, 6 days later, a stipulated decision document was filed with the Court. In other words, as soon as petitioner presented the documentation necessary to substantiate his position, respondent settled the case. Cf., Brice v. Commissioner, T.C. Memo 1990-355, affd. 940 F.2d 667 (9th Cir. 1991). We find the position of respondent in this case to be entirely reasonable. No award for costs may be made when the prevailing party has unreasonably protracted the proceeding. Petitioner emphatically asserts that respondent has protracted the proceeding, but it must be recognized that if petitioner had timely filed his 1987 tax return, this case would never have arisen. This Court has said: "We believe that the United States should not bear the costs of litigation attributable to petitioner's own wrongful action [in failing to file a return] even though he substantially prevailed on the amount in controversy *647 * * *." Phillips v. Commissioner, 88 T.C. 529, 535 (1987), affd. in part, revd. in part 851 F.2d 1492 (D.C. Cir. 1988). We find that, under the facts of this case, petitioner has not established that the position of the United States was unreasonable. Furthermore, petitioner has offered no evidence as to his net worth. Finally, petitioner has offered no evidence that the claimed costs are reasonable or were, in fact, incurred. His claim for $ 16,000 for his own services is not allowable. Frisch v. Commissioner, 87 T.C. 838 (1986). Other expenses claimed appear excessive and to be, in petitioner's words, "a fabricated fiction." Accordingly, we hold that petitioner is not entitled to an award for costs under section 7430. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code as in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩