T.C. Summary Opinion 2001-26

UNITED STATES TAX COURT

NADEEM CHOWDHURY AND BRENDA S. GARTH CHOWDHURY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11683-99S.                          Filed March 9, 2001.

Nadeem Chowdhury and Brenda Chowdhury, pro sese.

Gerald L. Brantley and Silvia M. Rheinbolt, for respondent.

PAJAK, Special Trial Judge: This case was heard pursuant to
section 7463.  Unless otherwise indicated, all section references
are to the Internal Revenue Code in effect for the year in issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

This case is before the Court pursuant to petitioners'
motion for litigation costs under section 7430 and Rules 230
through 233.  Petitioner claimed $3,920 of litigation costs based

upon the following expenses: $60.00 for the filing fee and $3,860 for attorney's fees. An objection to petitioner's motion by respondent was filed.

Neither party requested a hearing on petitioners' motion. Rule 232(a). Accordingly, we rule on petitioners' motion on the basis of the parties' submissions and the record in this case. The underlying issues raised in the petition were settled by a stipulation of settlement. At the time the petition was filed, petitioners resided in San Antonio, Texas.

By notice of deficiency, respondent determined deficiencies in petitioners' Federal income taxes of $7,182, $3,290, and $3,378 for the taxable years 1995, 1996, and 1997, respectively.

Under section 7430, a taxpayer may be awarded a judgment for reasonable litigation costs if the taxpayer establishes certain criteria and if respondent's position was not substantially justified. Respondent concedes that petitioner substantially prevailed for purposes of section 7430(c)(4)(A)(i). However, respondent maintains that his position was substantially justified, that petitioners did not exhaust their administrative remedies, that petitioners unreasonably protracted the Court proceeding, and that the costs claimed are not reasonable. Because of our disposition of this issue, we need only address whether respondent's position was substantially justified.

In deciding the merits of a motion for litigation costs, the

Court generally considers the reasonableness of respondent's position from the date the answer was filed. Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part, revg. in part, and remanding T.C. Memo. 1991-144. No answer was required in this case which was tried under the small tax case procedures. Rule 175(b). Accordingly, respondent's position for the purpose of the motion is the position maintained by respondent during the pendency of this case. There is nothing in the record that suggests that respondent's position changed from that taken in the notice of deficiency, so these positions are, in effect, the same.

Whether respondent's position was substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as the legal precedents relating to the case. Pierce v. Underwood, 487 U.S. 552, 565 (1988); Swanson v. Commissioner, 106 T.C. 76, 86 (1996). A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, supra at 565. The Court must "consider the basis for respondent's legal position and the manner in which the position was maintained." Wasie v. Commissioner, 86 T.C. 962, 969 (1986). The reasonableness of respondent's position and conduct necessarily requires considering the facts available to respondent at that time. Coastal Petroleum Refiners, Inc. v.

Commissioner, 94 T.C. 685, 689 (1990); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). The fact that respondent eventually loses or concedes the case does not establish an unreasonable position. Sokol v. Commissioner, 92 T.C. 760, 767 (1989).

In this case, respondent disallowed petitioners' Schedule C deductions for their mail order activity. Petitioners started the mail order activity in 1992. Thereafter, petitioners reported 6 consecutive years of losses on their Schedules C.

The information petitioners initially provided to the revenue agent showed that petitioners ran one advertising campaign per year in the first 4 years and none in the next 2 years, that petitioners spent 10 to 15 hours per week on the activity, and that they had never modified their original business plan. Based on this limited information, respondent concluded that the mail order activity was not entered into for profit under section 183.

Petitioners provided the same limited information to the Appeals officer. Because petitioners did not provide any additional information, the Appeals Division issued the statutory notice of deficiency. The notice of deficiency stated that petitioners had not established that the activity was entered into for profit, that the claimed Schedule C expenses were ordinary and necessary as required under section 162, or that the expenses were not personal in nature.

Respondent sent a "Branerton" letter to petitioners on December 3, 1999. In response, petitioners sent respondent items such as telephone bills, an invoice for a 1995 advertisement, miscellaneous invoices for cost of goods sold, and letters from credit card companies stating how much petitioners owed in principal and interest.

Less than 72 hours before the calendar call for this case to go to trial, petitioners provided respondent with additional substantiating documentation. This documentation established that petitioners did have an advertising campaign. There were also records of 180 clients' names, the orders the clients placed, follow-up letters, and thank-you letters. During the week of the trial calendar, petitioners provided records that established that they incurred substantial debts in the early years of their activity to finance inventory and advertising costs. These debts were in the form of credit card purchases and cash advances. Other newly provided information demonstrated that the interest and commission expenses were related to business purposes. The Schedule C deductions disallowed by respondent consisted mainly of the interest and commission expenses. After receiving and reviewing the newly furnished information, respondent settled the case in a period of 6 days. Respondent conceded the issues to the extent that they were properly substantiated. Respondent and petitioners agreed that

petitioners had deficiencies of $1,428, $1,246, and $1,011 for 1995, 1996, and 1997, respectively.

Whenever there is a factual determination, respondent is not obliged to concede a case until respondent receives the necessary documentation which proves the taxpayer's contentions. Brice v. Commissioner, T.C. Memo. 1990-355, affd. without published opinion 940 F.2d 667 (9th Cir. 1991); Currie v. Commissioner, T.C. Memo. 1989-23. Moreover, after respondent receives documentation, respondent is provided a reasonable period in which to analyze the documentation and modify its position accordingly. Sokol v. Commissioner, supra at 765-766.

In this case, petitioners had not established that they had a profit motive in their mail order activity, nor had they substantiated the majority of their claimed expenses, until they provided the relevant information to respondent 3 days prior to the calendar call and during the first 3 days of the week of the trial calendar. After receiving the substantiating documentation, respondent promptly conceded the case to the extent the expenses were substantiated. Based on the record, we

find that respondent's position was substantially justified. Consequently, petitioners' motion will be denied.

Reviewed and adopted as the report of the Small Tax Case Division.

An appropriate order and decision will be entered.