T.C. Summary Opinion 2001-36

UNITED STATES TAX COURT

WM. DENNIS GRAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13062-99S.                    Filed March 21, 2001.

Wm. Dennis Gray, pro se.

<u>Gerald L. Brantley</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>: This case was heard pursuant to section 7463.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This case is before the Court pursuant to petitioner's

motion for litigation costs under section 7430 and Rules 230 through 233. Petitioner claimed $65.76 of litigation costs based upon the following expenses: $60.00 for the filing fee, $.80 for the money order fee, and $4.96 for postage.

Neither party requested a hearing on petitioner's motion. Rule 232(a). Accordingly, we rule on petitioner's motion on the basis of the parties' submissions and the record in this case. The underlying issues raised in the petition were settled by a stipulation of settlement. At the time the petition was filed, petitioner resided in San Antonio, Texas.

In the notice of deficiency respondent determined a deficiency in petitioner's 1996 Federal income tax of $3,504, a section 6651(a)(1) addition to tax of $788.40, a section 6651(a)(2) addition to tax of $315.36, and a section 6654(a) addition to tax of $188.68.

Under section 7430, a taxpayer may be awarded a judgment for reasonable litigation costs if the taxpayer meets certain criteria and if respondent's position was not substantially justified. Respondent concedes that petitioner substantially prevailed for purposes of section 7430(c)(4)(A)(i). However, respondent maintains that his position was substantially justified.

In deciding the merits of a motion for litigation costs, the Court generally considers the reasonableness of respondent's

position from the date the answer was filed. Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part, revg. in part, and remanding T.C. Memo. 1991-144. No answer was required in this case which was tried under the small tax case procedures. Rule 175(b). Accordingly, respondent's position for the purpose of the motion is the position maintained by respondent during the pendency of the case, which is essentially that taken in the notice of deficiency.

Whether respondent's position was substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as the legal precedents relating to the case. Pierce v. Underwood, 487 U.S. 552, 565 (1988); Swanson v. Commissioner, 106 T.C. 76, 86 (1996). A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, supra at 565. The Court must "consider the basis for respondent's legal position and the manner in which the position was maintained." Wasie v. Commissioner, 86 T.C. 962, 969 (1986). The reasonableness of respondent's position and conduct necessarily requires considering the facts available to respondent at that time. Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 689 (1990); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). The fact that respondent eventually loses or concedes the case does not establish an unreasonable

position.  Sokol v. Commissioner, 92 T.C. 760, 767 (1989).

Petitioner did not file a tax return for his 1996 taxable year.  Respondent received a Form 1099-B from Dean Witter Reynolds, Inc. (Dean Witter), which reported that petitioner realized income in the amount of $27,636 from the sale of stocks/bonds.  Respondent issued a 30-day letter to petitioner on September 11, 1998, noting that respondent had not received petitioner's 1996 return and computing petitioner's income based on the Form 1099-B received from Dean Witter.  The letter also asked petitioner to explain why he was not required to file a return for 1996 or to enclose information he would like the IRS to consider.  Petitioner failed to respond to the 30-day letter.

Respondent issued petitioner a notice of deficiency on May 7, 1999.  Petitioner filed his petition on July 28, 1999.  In the petition, petitioner stated:  "I have never had an account with DEAN WITTER REYNOLDS INCORPORATED and I did not sell any STOCKS/BONDS in 1996".

Respondent sent a letter to Dean Witter on August 25, 1999, requesting information concerning the 1996 stock/bond sale by petitioner.  On August 30, 1999, respondent spoke with petitioner, who stated that he had e-mailed an information request to Dean Witter on August 27, 1999.  Petitioner further stated that he had never had an account with Dean Witter, nor had he made any sales during 1996.  Dean Witter did not respond to

respondent. Another request letter was sent to Dean Witter by certified mail on September 27, 1999. When Dean Witter again failed to respond, respondent on October 26, 1999, sent a third request letter and suggested that a subpeona duces tecum might be issued.

On November 15, 1999, a Dean Witter representative called respondent about a contact at Nations Bank Investment (Nations Bank), who had the relevant information. Respondent immediately left a message with Nations Bank. Two days later, respondent faxed Nations Bank the letters previously sent to Dean Witter. Since respondent did not receive a reply, respondent again called Nations Bank, and a representative told respondent they were working to obtain the information.

Thereafter, a representative of Banc of America called on behalf of Nations Bank. Petitioner's account was with Banc of America. Banc of America at that time did not deal directly in securities, and it employed Dean Witter as its agent.

On December 6, 1999, respondent finally received a letter and documentation from Banc of America in response to the request. The documentation showed that on January 11, 1996, petitioner received reportable gross proceeds of $27,636.71 from the sale of a U.S. Treasury note. The documentation also established that petitioner's basis in the note was $25,000, a fact not known previously to respondent.

On December 9, 1999, respondent spoke with petitioner about the documentation.  Petitioner acknowledged that the transaction was probably his, but he wanted to review his records.  Respondent faxed all the documents to petitioner.

On January 3, 2000, respondent spoke to petitioner, who agreed to the additional income provided his basis was taken into account for computation of taxable gain.  Respondent asked petitioner to provide records to substantiate his basis in the note.  Petitioner sent substantiation of the basis to respondent.  Among other things, petitioner's records indicated that the account was with Dean Witter.  Apparently, the revised capital gain income, taking into account petitioner's basis, did not result in a deficiency after subtracting the standard deduction and the exemption amount.  At the call of this case from the trial calendar on January 31, 2000, respondent reported as a basis of settlement that petitioner did not have a deficiency in income tax for 1996 and was not liable for any additions to tax.  The Court entered a decision accordingly.

Respondent contends that respondent's position was substantially justified and states that if petitioner had been forthcoming with the documentation in response to the 30-day letter, then this proceeding in this Court would have been unnecessary.  We agree with respondent.

Whenever there is a factual determination, respondent is not

obliged to concede a case until respondent receives the necessary documentation which proves the taxpayer's contentions. <u>Brice v. Commissioner</u>, T.C. Memo. 1990-355, affd. without published opinion 940 F.2d 667 (9th Cir. 1991); <u>Currie v. Commissioner</u>, T.C. Memo. 1989-23. Moreover, after respondent receives documentation, respondent is allowed a reasonable period of time in which to analyze the documentation and modify its position accordingly. <u>Sokol v. Commissioner</u>, <u>supra</u> at 765-766.

In this case, respondent had received information that petitioner received income from a third party payor. Petitioner did not respond to respondent's repeated requests for information about the reported income. Respondent made multiple attempts to obtain the relevant documentation. When respondent finally received the documentation, respondent analyzed it and conceded the case. Based on this record, we find that petitioner failed to show that respondent's position was not substantially justified. In fact, respondent was substantially justified. Consequently, petitioner's motion will be denied.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>An appropriate order and decision will be entered</u>.