T.C. Summary Opinion 2001-95

UNITED STATES TAX COURT

CLARENCE MICHAEL CHERVENY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7621-99S.                        Filed June 26, 2001.

Clarence Michael Cherveny, pro se.

Michael O'Donnell, for respondent.

PAJAK, Special Trial Judge: This case was heard pursuant to
section 7463.  Unless otherwise indicated, all section references
are to the Internal Revenue Code in effect for the year in issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.  The decision to be entered is not reviewable by
any other court, and this opinion should not be cited as
authority.

This case is before the Court pursuant to petitioner's oral

motion for litigation costs under section 7430 and Rules 230 through 233. Petitioner claimed litigation costs of $60 for the Tax Court filing fee.

The underlying issues raised in the petition were settled by a stipulation of settled issues. At the time the petition was filed, petitioner resided in Streator, Illinois.

By notice of deficiency, respondent determined a deficiency in petitioner's Federal income tax of $735 for the taxable year 1996. Respondent conceded that there was no deficiency in income tax due from petitioner.

Under section 7430, a taxpayer may be awarded a judgment for reasonable litigation costs if the taxpayer establishes certain criteria and if the Commissioner's position was not substantially justified. Respondent contends that his position was substantially justified. Respondent concedes that petitioner has satisfied the other requirements of section 7430.

In 1995, petitioner was involved in a labor dispute with his employer. In July 1996, the employer sent petitioner a check in the gross amount of $4,889.98, which netted out to $3,000 after withholding and payroll deductions. The payment was designated as a final settlement of all claims against his employer arising out of petitioner's termination of employment. Petitioner refused to accept the check because he did not want to give up his right to pursue legal remedies against his former employer.

The check was returned to the former employer. In 1998, the check was re-issued to petitioner by his former employer. Petitioner accepted the 1998 check. A notation on the bottom of the statement attached to the check indicated that "taxes applied to 1996 earnings".

The Internal Revenue Service (IRS) received a Form W-2, Wage and Tax Statement, which indicated that the employer paid petitioner $4,889.98 in 1996. This information became the basis of the 30-day letter issued to petitioner on September 23, 1998. On October 16, 1998, petitioner responded to the letter and enclosed a copy of the second check, written by his former employer in 1998. On November 24, 1998, respondent asked petitioner to get a corrected Form W-2 from his employer. Respondent needed further verification because respondent did not consider the 1998 check to be proof that the 1996 check had been an accord and satisfaction and had never been cashed. Petitioner replied on December 1, 1998, and stated that he wanted answers before he would sign anything or would do what he considered to be the IRS' function. Absent further verification from petitioner, the notice of deficiency was issued on February 3, 1999.

When petitioner met with respondent, he was able to show the facts necessary for respondent to concede the issue. However, petitioner would not sign the stipulation of settled issues

because respondent would not agree to the $60 of litigation costs. Ultimately, petitioner and respondent signed the stipulation of settled issues.

In deciding the merits of a motion for litigation costs, the Court generally considers the reasonableness of the Commissioner's position from the date the answer was filed. Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part, revg. in part, and remanding T.C. Memo 1991-144. No answer was required in this case which was tried under the small tax case procedures. Rule 175(b). Accordingly, respondent's position for the purpose of the motion is the position maintained by respondent during the pendency of this case. There is nothing in the record that suggests that respondent's position changed from that taken in the notice of deficiency, so these positions are, in effect, the same. In the notice of deficiency, respondent took the position that the $4,889 reported by petitioner's employer was taxable wages to petitioner in 1996.

Whether the Commissioner's position was substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as the legal precedents relating to the case. Pierce v. Underwood, 487 U.S. 552, 565 (1988); Swanson v. Commissioner, 106 T.C. 76, 86 (1996). A position is substantially justified if the position is "justified

to a degree that could satisfy a reasonable person." Pierce v. Underwood, supra at 565. The Court must "consider the basis for respondent's legal position and the manner in which the position was maintained." Wasie v. Commissioner, 86 T.C. 962, 969 (1986). The reasonableness of the Commissioner's position and conduct necessarily requires considering the facts available to the Commissioner at that time. Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 689 (1990); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). Whenever there is a factual determination, the Commissioner is not obliged to concede a case until the Commissioner receives the necessary documentation which proves the taxpayer's contentions. Brice v. Commissioner, T.C. Memo. 1990-355, affd. without published opinion 940 F.2d 667 (9th Cir. 1991); Currie v. Commissioner, T.C. Memo. 1989-23. The fact that the Commissioner eventually loses or concedes a case does not establish an unreasonable position. Sokol v. Commissioner, 92 T.C. 760, 767 (1989).

In this case, respondent received third party payer information, the Form W-2, which stated that petitioner received taxable wages of $4,889.98 in 1996. Respondent attempted to verify the information with petitioner and asked petitioner to provide substantiation that he did not receive the money. Petitioner produced only a copy of the second check that was dated in 1998. Respondent was justified in not accepting the

copy of the second check as evidence that the first check was never cashed. When respondent did receive adequate substantiation from petitioner that petitioner did not receive the money, respondent conceded the issue. It was reasonable for respondent to rely on the third party payer information and to request proof from petitioner that he did not receive the amount reported. Sher v. Commissioner, 861 F.2d 131 (5th Cir. 1988), affg. 89 T.C. 79 (1987). Respondent was under no obligation to concede the case prior to receiving the documentation which proved petitioner's contentions.

Based on the record, we find that respondent's position was substantially justified. Consequently, petitioner's motion will be denied.

Reviewed and adopted as the report of the Small Tax Case Division.

An appropriate order and decision will be entered.